ELMA BEACH v. TOWN OF TARBORO AND JOHN F. BREWER.

(Filed 28 February, 1945.)

**1. Municipal Corporations § 12—**

It is the general rule in this jurisdiction that municipal corporations, when engaged in the exercise of powers and in the performance of duties conferred and enjoined upon them for the public benefit, may not be held liable for torts and wrongs of their employees and agents, unless made so by statute.

**2. Same—**

The mission of the town's employee, out of which the alleged injury to the plaintiff arose, is the determining factor as to liability—not what such employee was called upon to do at other times and places, but what he was engaged in doing at the particular time and place alleged.

**3. Same—**

In an action against a town to recover damages for alleged negligent injury to plaintiff by reason of a collision of a taxicab in which plaintiff was riding with a truck of the town, where all of the evidence tended to show that the collision occurred when the truck was being driven by the town's employee for the purpose of repairing five street lights in the town lighting system maintained for the public good and benefit, the court erred in refusing to grant defendant's motion for judgment as of nonsuit, made at the close of plaintiff's evidence and again at the close of all the evidence.

APPEAL by defendant town of Tarboro from *Carr, J.,* at October Term, 1944, of EDGECOMBE.

This is a civil action to recover damages for personal injuries to the plaintiff alleged to have been caused by the negligence of the defendants. A judgment as of nonsuit was entered at the close of the plaintiff's evidence as to the defendant Brewer, from which no appeal was taken.

It is alleged by the plaintiff that she was a passenger in a taxicab owned by defendant Brewer which was in a collision with a truck owned by the defendant town, and that as a result thereof she received personal injuries.

It is not denied by the defendant town that the plaintiff received injuries from a collision between a taxicab in which she was a passenger and a truck of the defendant town operated by its employee, but liability for any negligent act of its employee is denied by it upon the ground that said act was performed in its behalf in the exercise of its governmental function.

The evidence of the plaintiff tends to show that the truck of the town involved in the collision under investigation was being operated by one Vernon Pitt, who testified as a witness for the plaintiff to the effect that

he, Pitt, was employed by the town in the light and power department as service man, light repair and general maintenance for electric lights and street lighting; the town sells electricity to customers for lighting and heating purposes and that he read meters when he cut off or cut on customers; that he got his instructions either at the power plant or the City Hall; that he was driving the truck from the power plant at the time of the collision, and was going to stop at the City Hall to see if anything urgent had happened before he went to put on the street lights he had on the truck; his first destination was the City Hall to find out if any emergency existed, he left the power plant with instructions to repair five overhead street lights, and was going to stop at the City Hall to see if any line had broken, or if anybody wanted lights cut on or off; he did not have any instructions to work on any commercial lines at this particular time, and there was none at the City Hall when he went there; it was necessary to follow the course he did to get to the City Hall, and when he left the power plant with instructions to repair five street lights he decided to go by the City Hall to see if there were any instructions in regard to emergencies; there was no difference in the course he pursued if he hadn't needed to go to the City Hall; he was using the truck he generally used about the city repairing any kind of electrical trouble; the town sold electricity to homes, places of business and mills and had its own electricity connected with the streets and municipal hall; the town's biggest maintenance job is keeping lines clear and hanging transformers, it has lines that serve paying customers and lines that serve street lights. One George Earnhardt testified as a witness for the plaintiff to the effect that he is the City Clerk, and kept the records, and that the town operates a power plant and Mr. Pitt's salary was paid from the utilities fund, line and repair operation, expense of the power plant.

When the plaintiff had introduced her evidence and rested her case the defendant town moved to dismiss the action and for a judgment as in case of nonsuit, the motion was refused, and exception was preserved; when all the evidence on both sides was in said defendant renewed its motion for dismissal and for judgment as in case of nonsuit, which motion was again refused, and defendant preserved exception. G. S., 1-183.

Issues were submitted to the jury and were answered in favor of the plaintiff, and from judgment predicated on the verdict the defendant town appealed, assigning errors.

*George M. Fountain and V. E. Fountain for plaintiff, appellee.*
*Henry C. Bourne for defendant town, appellant.*

SCHENCK, J.  The third and fourth exceptive assignments of error, which relate to the court's refusal of defendant's motion to dismiss the action and for judgment as in case of nonsuit lodged when the plaintiff had introduced her evidence and rested her case and renewed when all the evidence on both sides was in, pose the determinative question as to whether the driver of the town's truck was engaged in the performance of a governmental function at the time of the collision between said truck and the taxicab in which the plaintiff was a passenger.  If such driver was so engaged the motion to dismiss and for judgment as in case of nonsuit should have been allowed, if not so engaged it may be conceded that the motion was properly disallowed.

"It is the general rule in this jurisdiction that a municipal corporation, when engaged in the exercise of powers and in the performance of duties conferred and enjoined upon them for the public benefit, may not be held liable for torts and wrongs of their employees and agents, unless made so by statute.  *Snider v. High Point,* 168 N. C., 608; *Harrington v. Greenville,* 159 N. C., 632; *McIlhenney v. Wilmington,* 127 N. C., 146; *Moffitt v. Asheville,* 103 N. C., 237; *White v. Comrs.,* 90 N. C., 437." *Price v. Trustees,* 172 N. C., 84, 89 S. E., 1066.

Upon the facts which the evidence tends to establish, we are constrained to hold that the acts of the defendant employee, which the plaintiff alleges were actionable negligence, were performed by him in behalf of the defendant town in the exercise of governmental power conferred upon it.  The maintenance of a street lighting system is a separate function from the sale of electricity from the same power plant.  Just as in *Parks-Belk Co. v. Concord,* 194 N. C., 134, 138 S. E., 599, the rule of nonliability was held applicable to damages caused by the water used to flush the street which came from the same water main which the city used to convey water for sale to customers.

The mission of the town's employee, out of which the alleged injury to the plaintiff arose is the determining factor of the case at bar—not what such employee was called upon to do at other times and places, but what he was engaged in doing at the particular time and place alleged. Plaintiff's evidence shows that the purpose of the trip was to repair five street lights in the lighting system maintained for the public good and benefit—that is what he drove the truck from the power plant to do, and that is what he was proceeding to do at the time of the collision.

Holding as we do that the mission on which the town's employee had embarked was in the performance of a governmental function, "to put on the street lights which he (I) had on the truck," it becomes unnecessary for us to consider the other interesting questions presented in the briefs relative to the evidence and the charge.

We are of the opinion and so hold that the defendant's motion for dismissal of the action and for a judgment as in case of nonsuit lodged when the plaintiff rested her case and renewed when all the evidence on both sides was in should have been allowed and the refusal so to do by the court was error for which the judgment below must be

Reversed.