STATE v. LIGHTNER

[108 N.C. App. 349 (1992)]

---

STATE OF NORTH CAROLINA v. DAVID FRITZGERALD LIGHTNER

No. 9126SC936

(Filed 15 December 1992)

**Assault and Battery § 60 (NCI4th) — off-duty police officers — security guards — assaults on law officers — sufficiency of evidence**
    Defendant was properly convicted on two counts of assault on a law officer in violation of N.C.G.S. § 14-33(b)(4) where the evidence tended to show that the officers were off-duty members of the Charlotte Police Department working as security guards for a restaurant; the officers were working in full police uniform and were carrying sidearms; the officers' employment with the restaurant had been arranged through the Charlotte Police Department and the officers were required to follow Department mandated rules and guidelines; and the officers were attempting to place defendant under arrest at the time they were assaulted.

**Am Jur 2d, Assault and Battery § 79.**

STATE v. LIGHTNER

[108 N.C. App. 349 (1992)]

Appeal by defendant from judgments entered 8 May 1991 by Judge Robert D. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 November 1992.

On 16 January 1990, defendant was indicted on two counts of assault on a law officer in violation of G.S. § 14-33(b) and on one count of disorderly conduct in violation of G.S. § 14-288.4. These charges arose from an incident at a Bojangles Restaurant located at 1401 W. Trade Street in Charlotte.

The State's evidence tended to show that on 3 December 1989, Charlotte police officers H. E. Henry and R. L. Ferguson were working off-duty as security guards for Bojangles Restaurant which was open twenty-four hours a day. Between 2:30 a.m. and 3:00 a.m., the officers observed defendant standing in line, waiting to pick up his food. At some point, defendant began to shout obscenities at the officers and was asked to leave. Defendant refused to leave and continued to shout at the officers. At this time Officer Ferguson informed defendant that he was under arrest. Defendant resisted arrest and struck both officers. After ten or fifteen minutes, defendant was physically restrained and placed in a waiting patrol car.

On 8 May 1991, the jury convicted defendant of two counts of assault on a law enforcement officer and one count of disorderly conduct.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Kelly Haskins-Moore, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Cynthia A. Brooks, for defendant appellant.*

WALKER, Judge.

Defendant's only argument on appeal is that his motion to dismiss should have been granted since Officers Henry and Ferguson were off-duty at the time of the incident and therefore he did not commit an assault on a law enforcement officer. In determining if the evidence is sufficient to withstand defendant's motion to dismiss, the court must consider the evidence in the light most favorable to the state, allowing every reasonable inference to be drawn therefrom. *State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981).

According to defendant, there was not sufficient evidence presented to establish a violation of G.S. § 14-33(b)(4). In pertinent part this statute provides that a person is guilty of misdemeanor assault if he:

Assaults a law-enforcement officer, . . . while the officer . . . is discharging or attempting to discharge a duty of his office.

As regards this statute, it does not appear our Courts have considered the question of whether an off-duty police officer retains the status of a law-enforcement officer and is still discharging the duties of his office.

While not examining the precise question before us, our Supreme Court recently resolved a very similar controversy. In *State v. Gaines*, 332 N.C. 461, 421 S.E.2d 569 (1992), defendant argued there was not sufficient evidence presented to establish the capital punishment aggravating circumstance of G.S. § 15A-2000(e)(8). This aggravating circumstance exists where "[t]he capital felony was committed against a law-enforcement officer . . . while engaged in the performance of his official duties or because of the exercise of his official duty." The evidence presented in *Gaines* disclosed that the officer who was killed was a Charlotte policeman "moonlighting" as a security guard for Red Roof Inn. The officer was fully uniformed and carrying a sidearm. The Court further noted that the officer's off-duty employment was arranged by the Charlotte Police Department and the officer was required to conform to the same standard of conduct as when he was on duty. Based upon the facts, the Court held there was sufficient evidence to establish that the officer retained his status as a law-enforcement officer and was "engaged in the performance of his official duties." *State v. Gaines*, 332 N.C. at 477, 421 S.E.2d at 577.

In the present case, Officers Henry and Ferguson were off-duty members of the Charlotte Police Department. They were working in full police uniform and were carrying sidearms. As in *Gaines*, the officers' employment with Bojangles had been arranged through the Charlotte Police Department and the officers were required to follow Department mandated rules and guidelines. Furthermore, at the time they were assaulted, Officers Henry and Ferguson were attempting to place defendant under arrest. Making arrests is one of the official duties of law-enforcement officers. *See State v. Gaines*, 332 N.C. at 471, 421 S.E.2d at 574. Under the reasoning

**STATE v. LIGHTNER**

[108 N.C. App. 349 (1992)]

of the *Gaines* decision, we find there was sufficient evidence presented at trial to establish a violation of G.S. 14-33(b)(4) and therefore the trial court properly denied defendant's motion to dismiss.

No error.

Judges GREENE and WYNN concur.