GLORIA L. CHILDS AND KIMBERLY F. CHILDS, PLAINTIFFS-APPELLEES v. JARVIS EUGENE JOHNSON, JR., AND FORSYTH COUNTY, DEFENDANTS-APPELLANTS

No. COA02-4

(Filed 31 December 2002)

**1. Appeal and Error—appealability—denial of summary judgment—sovereign immunity**

A denial of summary judgment was immediately appealable because the motion was based on sovereign immunity.

**2. Public Officers and Employees—lawsuit against—capacity not clear—deemed official only**

An EMS director was deemed to be sued in his official capacity only because the plaintiff did not provide a clear statement of the capacity in which defendant was being sued.

**3. Immunity—sovereign—EMS supervisor—personal errand in county car**

The trial court correctly denied defendants' motion for summary judgment as to defendant's sovereign immunity, and the case was remanded for entry of summary judgment for plaintiffs on that issue, where an EMS director was involved in an accident while stopping at a bank in a county-owned vehicle on his way to work. Looking at the actions of the EMS employee at the time of the alleged negligence, the uncontested evidence was that the employee was turning into the bank to obtain money for personal use and was not responding to a call or performing EMS duties.

**4. Appeal and Error—appealability—amended claims—no new motion for summary judgment—no ruling by trial court**

Defendants could not contend on appeal that summary judgment should have been granted for them on plaintiff's equal protection claim (arising from Forsyth County paying other claims but not plaintiffs') where defendants sought summary judgment on the basis of governmental immunity, plaintiffs amended their claim to add the equal protection claim, defendants did not amend their motion for summary judgment or file an additional motion, and the trial court ruled only on governmental immunity and not the added claim.

Appeal by defendants from order entered 22 October 2001 by Judge Clarence Carter in Superior Court, Forsyth County. Heard in the Court of Appeals 8 October 2002.

*Lewis & Daggett, P.A., by Hugh J. Eighmie II, for plaintiffs-appellees.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Allan R. Gitter and Oliver M. Read IV, for defendants-appellants.*

*Teague, Rotenstreich & Stanaland, LLP, by Paul A. Daniels, for unnamed defendant-appellee Windsor Insurance Company.*

McGEE, Judge.

Gloria L. Childs and Kimberly F. Childs (plaintiffs) were traveling in a westerly direction on New Walkertown Road in Winston-Salem, North Carolina in a 1989 Chevrolet driven by Gloria F. Childs at about 8:00 a.m. on the morning of 12 December 1997. At that same time,

CHILDS v. JOHNSON

[155 N.C. App. 381 (2002)]

defendant Jarvis Eugene Johnson, Jr. (Johnson) was traveling on New Walkertown Road from the opposite direction, driving a 1997 Ford sports utility vehicle (SUV) owned by defendant Forsyth County. Johnson made a left turn across New Walkertown Road to enter a bank parking lot. Johnson claimed that traffic was stopped in two of the three westbound lanes of New Walkertown Road, and that cars in those lanes motioned Johnson to cross in front of them. While crossing the westbound lanes, the front of plaintiffs' Chevrolet struck Johnson's SUV. The collision resulted in both property damage to the vehicles involved and personal injury to both plaintiffs.

At the time of the collision, Johnson was an employee of Forsyth County, serving as Forsyth Emergency Medical Services (EMS) director. Forsyth EMS is a governmentally-operated provider of paramedic emergency health care. Johnson stated that he was on call twenty-four hours a day while in Forsyth County. The SUV he was operating was owned by Forsyth County and was provided for Johnson's use within the borders of the county at Forsyth County's expense in connection with Johnson's position as Forsyth EMS director. At the time of the collision, Johnson was driving to his office. However, Johnson took a detour from the drive to his office and turned into the bank parking lot for the purpose of conducting his own personal financial business. Johnson stated that he was going to "obtain cash for his daily needs."

At the time of the collision, Forsyth County had an insurance policy in place with a "self insured retention" of $250,000.00. However, there was evidence presented that Forsyth County had an additional policy as well, which had a "self insured retention" of $10,000.00. Forsyth County admitted that it had provided ambulance service to individuals outside of Forsyth County and that it had paid claims related to the operation of its EMS vehicles both before and after the collision on 12 December 1997. However, Forsyth County contends it has not paid any claims for personal injury related to collisions involving its EMS vehicles since our Court's holding in *McIver v. Smith*, 134 N.C. App. 583, 584, 518 S.E.2d 522, 524 (1999), *review improvidently granted, McIver v. Smith*, 351 N.C. 344, 525 S.E.2d 173 (2000).

Plaintiffs filed a complaint on 14 November 2000 seeking, *inter alia*, damages from defendant Johnson, and pursuant to the doctrine of *respondeat superior*, from Johnson's employer, Forsyth County, as a result of the collision between Johnson and plaintiffs. Plaintiffs alleged that Forsyth County had waived governmental

immunity by purchasing insurance, and that Johnson was not operating the county-owned SUV for public benefit at the time of the collision. Plaintiffs also served the complaint on the unnamed defendant Windsor Insurance Company (Windsor), a potential uninsured motorist carrier.

Johnson and Forsyth County filed their answer on 4 December 2000 asserting the defense of governmental immunity as a complete bar to recovery by plaintiffs. Defendants also filed a request for the amount of monetary relief sought by each plaintiff pursuant to N.C. Gen. Stat. § 1A-1, Rule 8. Plaintiffs served their notice of monetary relief sought on defendants, demanding compensatory damages of $25,000.00 for plaintiff Gloria L. Childs and compensatory damages of $5,000.00 for plaintiff Kimberly F. Childs. The notice stated that, in accordance with N.C.G.S. § 1A-1, Rule 8, the notice would not be filed with the trial court until the above captioned action was called for trial.

Johnson and Forsyth County filed a motion for summary judgment on 15 December 2000. In their motion, defendants asserted as their basis for entitlement to summary judgment, that "having not purchased liability insurance for claims below $250,000," defendants were entitled to summary judgment on the basis of governmental immunity. Unnamed defendant Windsor elected to appear and served its answer dated 22 January 2001. Plaintiffs filed a motion for leave to amend their complaint, which was granted. The amended complaint included additional allegations that Forsyth County had violated plaintiffs' due process and equal protection rights because it paid the claims of similarly situated parties but refused to pay plaintiffs' claims. Defendants Johnson and Forsyth County filed their answer to the amended complaint on 30 January 2001. The parties conducted discovery.

The trial court denied Johnson and Forsyth County's motion for summary judgment on 22 October 2001, stating "that there is a genuine issue of material fact with regard to whether Defendant Forsyth County is entitled to governmental immunity under the facts of this case." Defendants Johnson and Forsyth County appeal from the trial court's order.

I.

[1] We note that appeals involving the denial of a motion for summary judgment are interlocutory and generally not immediately

appealable. *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citation omitted). However, a "trial court's denial of [a] motion for summary judgment on the issue of governmental immunity is immediately appealable." *Jones v. Kearns*, 120 N.C. App. 301, 303, 462 S.E.2d 245, 246, *disc. review denied*, 342 N.C. 414, 465 S.E.2d 541 (1995) (citation omitted). Defendants' appeal is properly before this Court.

Defendants assign as error the trial court's failure to grant their motion for summary judgment on the grounds that sovereign immunity bars plaintiffs' action against Johnson and Forsyth County.

In *Dawes v. Nash Cty.*, 148 N.C. App. 641, 643, 559 S.E.2d 254, 256 (2002), our Court stated that

> [s]ummary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C.R. Civ. P. 56(c) (2000). Summary judgment may also be granted when the non-moving party cannot survive an affirmative defense. *McIver v. Smith*, 134 N.C. App. 583, 584, 518 S.E.2d 522, 524 (1999). Sovereign immunity is such an affirmative defense. *Id.*

Johnson and Forsyth County must demonstrate that they are " 'entitled to the insurmountable affirmative defense of governmental immunity.' " *Id.* (quoting *McIver*, 134 N.C. App. at 584, 518 S.E.2d at 524). On appeal this Court must view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Gaskill v. Jennette Enters., Inc.*, 147 N.C. App. 138, 140, 554 S.E.2d 10, 12 (2001), *disc. review denied*, 355 N.C. 211, 559 S.E.2d 801 (2002) (citing *Aetna Casualty & Surety Co. v. Welch*, 92 N.C. App. 211, 213, 373 S.E.2d 887, 888 (1988)).

[2] In *Dawes*, our Court summarized the law on governmental immunity in this State:

> "In North Carolina the law on governmental immunity is clear." [*McIver*, 134 N.C. App.] at 585, 518 S.E.2d at 524. In the absence of some statute that subjects them to liability, the State, its municipalities, and the officers and employees thereof sued in their official capacities, are shielded from tort liability when discharging or performing a governmental function. *See id.*; *Houpe v. City of Statesville*, 128 N.C. App. 334, 340, 497 S.E.2d 82, 87

(1998). "Like cities, counties have governmental immunity when engaging in activity that is clearly governmental in nature and not proprietary." *McIver*, 134 N.C. App. at 585, 518 S.E.2d at 524. This Court has previously held that "county-operated ambulance service is a governmental activity shielded from liability by governmental immunity." *Id.* at 588, 518 S.E.2d at 526. Thus, Nash County would be entitled to governmental immunity from Plaintiff's claim, unless Nash County has in some way waived its governmental immunity.

148 N.C. App. at 643-44, 559 S.E.2d at 256. Governmental immunity protects not only the county, but also its officers and employees when they are sued in their official capacities. *Schlossberg v. Goins*, 141 N.C. App. 436, 440, 540 S.E.2d 49, 52 (2000), *appeal dismissed and disc. review denied*, 355 N.C. 215, 560 S.E.2d 136 (2002). While it is not clear from the record whether Johnson has been sued in his individual or official capacity, plaintiffs have the burden of indicating in what capacity defendants are being sued. *Reid v. Town of Madison*, 137 N.C. App. 168, 171-72, 527 S.E.2d 87, 90 (2000) (citations omitted). Absent a clear statement as to a defendant's capacity, the action will be deemed to be against the individual in his official capacity. *Id.* (citations omitted). As there is no such clear indication in this case, we deem that Johnson was sued in his official capacity only.

[3] The trial court denied Johnson and Forsyth County's motion for summary judgment, concluding that there was a genuine issue of material fact as to whether governmental immunity barred plaintiffs' claims. As stated above, a governmental entity is immune from liability for the torts of its officers and employees which are committed while the officers and employees are performing governmental functions. *Galligan v. Town of Chapel Hill*, 276 N.C. 172, 175, 171 S.E.2d 427, 429 (1970); *Dawes*, 148 N.C. App. at 643, 559 S.E.2d at 256.

While the doctrine of sovereign immunity has been cited as the public policy of North Carolina, *see Steelman v. New Bern*, 279 N.C. 589, 594, 184 S.E.2d 239, 242 (1971), our Supreme Court has approvingly cited "the modern tendency to restrict rather than to extend the application of governmental immunity." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 529-30, 186 S.E.2d 897, 908 (1972) (citations omitted).

Governmental immunity is dependent on the acts of the employee being committed while the employee is carrying out a governmental function. *Wilkerson v. Norfolk Southern Railway Co.*, 151 N.C. App.

332, 338-39, 566 S.E.2d 104, 109 (2002). Defendants argue that *McIver v. Smith*, 134 N.C. App. 583, 518 S.E.2d 522 (1999), is controlling in this case, and entitles them to summary judgment. In *McIver*, our Court held that a county-operated ambulance service is a governmental activity, and thus shielded from liability by governmental immunity. 134 N.C. App. at 588, 518 S.E.2d at 526. Plaintiffs and Windsor argue that *McIver* can be distinguished on its facts since the county employee in that case was responding to a 911 call in a county-owned ambulance and had activated the ambulance's emergency lights and siren. *Id.* at 584, 518 S.E.2d at 524. The decision in *McIver* held that the provision of an ambulance service by a governmental entity is a governmental function. *Id.* at 588, 518 S.E.2d at 526. The issue in the case before us is whether the governmental immunity, as discussed in *McIver*, applies to government-provided EMS services in general or if it is limited to when the officers and employees are carrying out specific EMS functions, such as when an EMS vehicle is being used to provide direct emergency services. We do not read *McIver* to grant wholesale immunity to employees and agents of county-provided EMS services.

As our Court stated in *Jones*, 120 N.C. App. at 304, 462 S.E.2d at 247 (quoting *Beach v. Tarboro*, 225 N.C. 26, 28, 33 S.E.2d 64, 65-66 (1945)):

In determining whether an activity is governmental, our Supreme Court [has] explained the court must focus on the mission of the city's employee who allegedly caused injury: "The mission of the town's employee, out of which the alleged injury to the plaintiff arose, is the determining factor . . . not what such employee was called upon to do at other times and places, but what he was engaged in doing at the particular time and place alleged."

Therefore, although *McIver* determined that county provision of EMS services is a governmental function in general, we must look at what Johnson "was engaged in doing at the particular time and place alleged." *Id.*

Decisions in other North Carolina cases have gone beyond the initial inquiry of whether the general occupation of the negligent employee is a governmental function to look at the actions of the employee or officer at the time the alleged negligence occurred. *See, e.g., Schlossberg*, 141 N.C. App. at 440, 540 S.E.2d at 52 (court noted that officers' actions constituted a governmental function since the officers were acting in their official police capacities when they

attempted to apprehend the plaintiff); *Williams v. Holsclaw*, 128 N.C. App. 205, 208, 495 S.E.2d 166, 168, *aff'd per curiam*, 349 N.C. 225, 504 S.E.2d 784 (1998) (court focused on the fact that the officer was performing his official police duties when he was responding to a call at the time of the collision); *Wall v. City of Raleigh*, 121 N.C. App. 351, 354, 465 S.E.2d 551, 553 (1996) (court noted that a city was entitled to immunity in suits arising from the collection of fines and late fees from parking violations as such collection is a governmental function, since such collection was necessary to enforce parking regulations); *Jones*, 120 N.C. App. at 305, 462 S.E.2d at 247 (court noted that where the police officer was assigned to patrol the fair in her capacity as a member of the police force and was responding to another officer's radio call for assistance at the time of the alleged negligence, the officer was performing a governmental function); *Lyles v. City of Charlotte*, 120 N.C. App. 96, 100, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996) (court noted that the training and supervision of officers by a police department are governmental functions and therefore the city had immunity from liability for torts committed by its officers while engaged in instructing the plaintiff in the emergency use of a portable radio); *Barnett v. Karpinos*, 119 N.C. App. 719, 460 S.E.2d 208, *disc. review denied*, 342 N.C. 190, 463 S.E.2d 232 (1995) (court noted that officers were executing a search warrant and seizing the plaintiffs in their law enforcement capacity, thus conducting a governmental function); *Mullins v. Friend*, 116 N.C. App. 676, 680, 449 S.E.2d 227, 230 (1994) ("A police officer in the performance of his duties is engaged in a governmental function.") (citing *Galligan*, 276 N.C. at 175, 171 S.E.2d at 429); *Hare v. Butler*, 99 N.C. App. 693, 699, 394 S.E.2d 231, 235-36, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990) ("[A] county normally would be immune from liability for injuries caused by negligent social services employees working in the course of their duties."). Although the law in North Carolina is clear that law enforcement is a governmental function, the appellate courts of this State have often noted whether the law enforcement officer was engaged in law enforcement activities at the time of the alleged negligence.

We see no reason to create a different rule for county-provided EMS services. While the provision of EMS services by a county is a governmental function, we must look at the particular actions by an EMS employee or agent to determine whether he is performing an EMS function, and therefore a governmental function, at the time of the alleged negligence.

**CHILDS v. JOHNSON**

[155 N.C. App. 381 (2002)]

Defendants argue that Johnson was performing a governmental function at the time of the collision, because he was on call twenty-four hours a day when in Forsyth County and he drove a vehicle owned by Forsyth County for use in connection with his position as Forsyth EMS director. Plaintiffs and Windsor argue that because Johnson was on a personal errand, he was not acting for a public purpose at the time of the collision, and therefore governmental immunity would not normally apply. At the time of the collision Johnson was driving to his office in a county-provided SUV. "The general rule in this state is that an injury by accident occurring while an employee travels to and from work is not one that arises out of or in the course of employment." *Royster v. Culp, Inc.*, 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996) (citation omitted). Defendants admit Johnson was not responding to an emergency call at the time of the accident, nor was he performing any particular EMS duties; in fact, the uncontested evidence in the record indicates that Johnson was turning into a bank to get money for his personal use. Johnson's detour into the bank was not related to his job responsibilities with Forsyth EMS.

Careful review of the evidence in the record shows that the facts pertinent to whether Johnson was engaged in a governmental function at the time of the accident are not in dispute. In the case before us there is no genuine issue of material fact concerning the issue of whether Johnson was engaged in a governmental function at the time of the collision. We hold that he was not. In appropriate cases, where there is no genuine issue of material fact, summary judgment may be granted for the non-moving party. *Candid Camera Video v. Matthews*, 76 N.C. App. 634, 637, 334 S.E.2d 94, 96 (1985), *disc. review denied*, 315 N.C. 390, 338 S.E.2d 879 (1986) (citations omitted). Plaintiffs are entitled to judgment as a matter of law on defendants' defense of governmental immunity. We therefore affirm the trial court's denial of defendants' motion for summary judgment and remand with instructions that the trial court grant summary judgment for plaintiffs as to defendants' defense of governmental immunity.

## II.

[4] Defendants attempt to argue in their brief that the trial court erred by not granting summary judgment to defendants on plaintiffs' claim that plaintiffs' equal protection rights were violated. However, in defendants' motion for summary judgment, they explicitly sought summary judgment only on the basis of governmental immunity. We recognize that plaintiffs amended their complaint to add an equal protection claim after defendants initially moved for summary judgment.

However, when a motion for summary judgment cites specific grounds as the basis for that motion and the non-moving party adds claims that are not addressed by the motion for summary judgment, if the moving party feels it is entitled to judgment on the new claims as well, the better practice is to amend their original motion to address the new claims by the non-moving party, or to file a new motion for summary judgment addressing those claims. We note that defendants in this case did not amend their original motion for summary judgment or file an additional summary judgment motion, despite over seven months elapsing between the date defendants answered the amended complaint and the date of hearing on their motion for summary judgment.

Further, the trial court, in its 22 October 2001 order, clearly only ruled on the motion for summary judgment as it pertains to the governmental immunity claim by defendants. The record does not show any evidence that the trial court ruled on plaintiffs' equal protection claim. If a party desires for this Court to review a decision by a trial court, it is the responsibility of that party to obtain a ruling from the trial court for this court to review. *See Electronic World, Inc. v. Barefoot*, 153 N.C. App. 387, 395, 570 S.E.2d 225, 231 (2002) (citing N.C.R. App. P. 10(b)(1) (2002)). Since the record does not show that the trial court ruled on any issue other than defendants' motion for summary judgment based on the defense of governmental immunity, the equal protection claim is not properly before us. *Id.*

We affirm the trial court's denial of Johnson and Forsyth County's motion for summary judgment and remand with instructions that the trial court grant summary judgment to plaintiffs as to defendants' defense of governmental immunity.

Affirmed in part; remanded in part.

Judges GREENE and WYNN concur.