SANDRA ROSE, EMPLOYEE, PLAINTIFF v. CITY OF ROCKY MOUNT, SELF-INSURED EMPLOYER, COMPENSATION CLAIMS SOLUTIONS, ADMINISTRATOR, DEFENDANTS

No. COA05-1645

(Filed 5 December 2006)

**1. Appeal and Error— assignments of error—not supported by authority—abandoned**

Assignments of error not supported by argument or legal authority in a workers' compensation case were deemed abandoned, and the findings challenged thereby were conclusively established on appeal.

**2. Workers' Compensation— assault on police office—after traffic accident—arising from employment**

There was sufficient evidence in a workers' compensation case to support Industrial Commission findings that an assault was directed at plaintiff because she was a police officer, and not because of a traffic accident in which she had been involved on

her lunch break. There are also undisputed findings that are cumulatively sufficient to support the Commission's decision on alternate grounds.

**3. Workers' Compensation— police officer injured in traffic accident on lunch hour—authority to make traffic stops—not material**

The issue of the authority of a police officer injured in a traffic accident on her lunch hour to make traffic stops was not material in her workers' compensation case, and the Industrial Commission did not err by not addressing it.

**4. Workers' Compensation— use of treatise—increased risk rule—injured police officer**

The use of a treatise in a workers' compensation case to support the conclusion that police officials are subject to a special risk of assault was not error. The Industrial Commission's finding conforms to the contours of the increased risk rule; the treatise was not used to adopt the "positional risk" rule.

**5. Workers' Compensation— expenses of appeal—granted**

The Court of Appeals granted a request for expenses by a workers' compensation plaintiff where the statutory requirements were satisfied. However, the matter was remanded for a determination of the portion of attorney fees stemming from the appeal to the Court of Appeals. N.C.G.S. § 97-88.

Appeal by employer from opinion and award of the North Carolina Industrial Commission entered 29 September 2005. Heard in the Court of Appeals 19 October 2006.

*Thomas and Farris, P.A., by Albert S. Thomas, Jr., and Rose Rand Attorneys, P.A., by Paul N. Blake, III, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Kathlyn C. Hobbs and Matthew P. Blake, for defendants-appellants.*

MARTIN, Chief Judge.

The City of Rocky Mount ("employer") and Compensation Claims Solutions ("administrator") (collectively "defendants") appeal an opinion and award by the North Carolina Industrial Commission ("Commission") awarding benefits to Sandra Kay Rose ("plaintiff-

employee"), a sworn officer of the City of Rocky Mount's police department.

The underlying events relating to this case took place on 10 November 2003. Evidence in the record tended to show that plaintiff-employee had worked in her present position as a police officer since June 1987, attaining the rank of corporal. At lunch time, following the standard sign-out procedures, she went to run some personal errands. She was not paid for her lunch break, and she drove her personal vehicle. She was accompanied by another officer. During plaintiff-employee's return trip to the police station, her car was struck from the rear by a vehicle driven by one Aaron Troy Sutton ("Sutton"), an intoxicated driver.

Plaintiff-employee emerged from her vehicle to evaluate the damage. As she began to walk back toward Sutton's car, it became evident to her that Sutton was planning to flee the scene. Following her training, she "tapped" the hood of the car in order to leave her fingerprints, threw up her hands and yelled for him to stop, while simultaneously trying to get out of the way. Sutton struck plaintiff-employee, who was flung across two lanes of traffic. Sutton then ran across plaintiff-employee's legs a second time while making his get-away. The first officer on the scene noted that plaintiff-employee appeared "almost lifeless."

An ambulance transported plaintiff-employee to Nash General Hospital. She was treated for multiple bruises and abrasions. However, she suffered no fractures. After her discharge, an orthopedic specialist advised her to continue with the medication, crutches and knee immobilizer she received during her hospitalization. She was also restricted in her work functions.

Plaintiff-employee returned to work on 6 January 2004. However, her work functions were circumscribed by the restrictions indicated above, which barred her from heavy lifting, climbing, and crawling. This limited her ability to perform crime scene investigations, her primary responsibility. These limitations caused some friction with her supervisor.

Plaintiff-employee was diagnosed with post traumatic stress, myofacial dysfunctional pain syndrome, bilateral occipital neuralgia, possible knee reflex sympathetic dystrophy, possible cervical herniated disc, depression, short term memory loss, lack of concentration, and adjustment disorder with mixed emotional features.

ROSE v. CITY OF ROCKY MOUNT

[180 N.C. App. 392 (2006)]

After her employer determined that her injuries were not related to her job functions, plaintiff-employee filed a Form 33 Request for a Hearing on 16 February 2004. Defendants responded with Form 33R on 5 March 2004. The deputy commissioner heard the case on 18 August 2004 in Nashville. On 26 January 2005, she entered an Opinion and Award, which *inter alia*, determined that plaintiff-employee's injuries arose out of her employment, that she had not reached maximum medical improvement, and directed that she be given additional leave and benefits to recuperate. Defendants appealed to the full Commission.

On 29 September 2005, the Commission entered an Opinion and Award affirming the deputy commissioner's decision. This appeal follows.

*Standard of Review*

Our review of the Commission's opinion and award is limited to determining whether competent evidence of record supports the findings of fact and whether the findings of fact, in turn, support the conclusions of law. *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). If there is any competent evidence supporting the Commission's findings of fact, those findings will not be disturbed on appeal despite evidence to the contrary. *Jones v. Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965). However, "[t]he Commission's conclusions of law are reviewed *de novo*." *Ward v. Long Beach Vol. Rescue Squad*, 151 N.C. App. 717, 720, 568 S.E.2d 626, 628 (2002).

[1] Although defendants assigned error to findings of fact 18, 19, 20, 21, 23, and 24, defendants have failed to include in their brief any argument or legal authority in support of its assignments of error regarding findings 21, 23 and 24. Accordingly, these assignments of error are deemed abandoned, N.C. R. App. P. 28(b)(6), and these findings of fact are conclusively established on appeal. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003). Defendants also challenge conclusions of law 2 and 3, that the plaintiff-employee was at increased risk of assault as a police officer and that her injuries arose out of her employment.

[2] Turning first to conclusion 3, defendants contend that the Commission erred in determining that plaintiff-employee's injuries arose out of and in the course of her employment. Our Supreme

Court has previously held that a determination that an injury arose out of and in the course of employment is a mixed question of law and fact, "and where there is evidence to support the Commissioner's findings in this regard, [the appellate court is] bound by those findings." *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E.2d 676, 678 (1980). This Court reviews the record to determine if the findings of fact and conclusions of law are supported by the record. *Cauble v. Soft-Play, Inc.*, 124 N.C. App. 526, 528, 477 S.E.2d 678, 679 (1996), *disc. review denied*, 345 N.C. 751, 485 S.E.2d 49 (1997).

The pivotal finding in this case was the Commission's determination that it was plaintiff-employee's status as a police officer that motivated Sutton's attack. This finding is critical for two reasons. First, as a matter of law, a mere automobile accident would represent "a risk common to the traveling public and was not due to a hazard peculiar to a police officer." It would thus not be compensable as a work injury. *See Roberts v. Burlington Indus., Inc.*, 321 N.C. 350, 358, 364 S.E.2d 417, 423 (1988) (holding that an injury is compensable only if "the nature of the employment was a contributing proximate cause of the injury, and one to which the employee would not have been equally exposed apart from the employment").

Secondly, the Industrial Commission found that plaintiff-employee's injuries were sustained as the result of Sutton's assault and not as the result of the automobile accident. Significantly, the Commission stated in its findings of fact that the "hit-and-run assault was a natural result of a risk reasonably associated with being a police officer" and would not have occurred had plaintiff-employee not been in uniform. A fellow officer who was also involved in the accident, but not in the subsequent assault, does not appear to have been seriously injured.

As noted above, the Commission's "findings of fact are conclusive on appeal if supported by competent evidence even though there is evidence to support a contrary finding." *Murray v. Associated Insurers, Inc.*, 341 N.C. 712, 714, 462 S.E.2d 490, 491 (1995). Our Supreme Court has held that "a police officer retains his official law enforcement officer status even while 'off duty' unless it is clear from the nature of his activities that he is acting *solely* on behalf of a private entity, or is engaged in some frolic or private business of his own." *State v. Gaines*, 332 N.C. 461, 472, 421 S.E.2d 569, 575 (1992). *Gaines* permitted a potential death penalty prosecution to proceed premised on the victim's status as an off-duty police officer. *Id.* Other

**ROSE v. CITY OF ROCKY MOUNT**

[180 N.C. App. 392 (2006)]

jurisdictions have followed the *Gaines* reasoning. *See, e.g., White v. Kentucky*, 178 S.W.3d 470, 481 (Ky. 2005) (shooting of uniformed sheriff at fish fry constituted murder of police official engaged in his duties) (citing *Gaines*, 332 N.C. at 472, 421 S.E.2d at 574). Logic would dictate that a worker's compensation claim for a uniformed police officer acting in accordance with her training presents at least an equally strong case as a criminal prosecution potentially entailing the death penalty.

Here, plaintiff-employee testified it was after she emerged from the vehicle and was mid-center in front of the drunk driver's car that the latter attempted to flee. Other witnesses at the scene told the police that Sutton "aimed" his car at the "police officer" and proceeded to drag her. Defendants alleged that there is no evidence to support the Commission's determination that plaintiff-employee was attacked because she was a police officer, since Sutton, the only individual aware of his intentions at the time of the assault, stated that he did not know that she was a police officer.

We find this suggestion disingenuous. At the time of his statement, Sutton was faced with the prospect of being charged with a myriad of serious criminal offenses. Conceding that he had deliberately targeted a law enforcement officer would have exacerbated his already precarious position. Indeed, Sutton denied hitting plaintiff-employee's truck, denied ramming her, and denied leaving the scene. Against this background, we cannot fault the Commission for declining to take his statements at face value. We note that Sutton did concede he was aware that his victim was uniformed.

We have previously noted that mental state is seldom provable by direct evidence. *State v. Campbell*, 51 N.C. App. 418, 421, 276 S.E.2d 726, 729 (1981). Therefore, the willfulness of an individual's conduct may be inferred from the circumstances surrounding the events. *See, e.g., State v. Agnew*, 294 N.C. 382, 393, 241 S.E.2d 684, 691 (1978). Our Supreme Court has held that:

> Knowledge is a mental state that may be proved by offering circumstantial evidence to prove a contemporaneous state of mind. . . . It may be proved by the conduct and statements of the defendant, by statements made to him by others, by evidence of reputation which it may be inferred had come to his attention, and by other circumstantial evidence from which an inference of knowledge might reasonably be drawn.

*State v. Bogle*, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989) (citation omitted). Examining the circumstantial evidence around the attack on plaintiff-employee, including her testimony and that of other witnesses present at the scene, we hold there is sufficient evidence to support the Commission's findings that the assault was directed against the plaintiff-employee because of her status as a police officer, and not because of the traffic accident.

It is this distinction that renders the defendant's chief case inapposite to the present one. *Dodson v. Dubose Steel, Inc.*, 159 N.C. App. 1, 12, 582 S.E.2d 389, 395 (2003) (Steelman, J., dissenting), *rev'd per curiam*, 358 N.C. 129, 591 S.E.2d 548 (2004) (for reasons stated in the dissent), concerned a driver killed in a road rage altercation. The dissenting opinion adopted by the Supreme Court specifically noted that all drivers were at equal risk of confrontations arising from road rage, whether they were driving for employment or personal reasons. *Id.* at 15, 582 S.E.2d at 398. The determinative and distinguishing fact was that the decedent in *Dodson* was not attacked because he was a truck driver. By contrast, the Commission has specifically found that plaintiff-employee in this case was targeted for assault because of her status as a police officer.

We also note, in the alternative, that the Commission found as a matter of fact that the plaintiff-employee was acting in her law enforcement capacity in her response to Sutton. The Commission alluded in particular to the undisputed fact that plaintiff-employee followed police procedure and "tapped" the hood of the assailant's car with her hands to provide prints for subsequent investigation. Plaintiff-employee also testified that, in leaving the prints, she was following her training and established police procedure.

In this context, defendants have challenged some particular factual findings made by the Commission. For instance, the Commission relied on the fact that plaintiff-employee was on call during the incident as an underlying factor to support its determination that her injuries arose out of and in the course of her employment. Defendants challenge this finding, citing *Childs v. Johnson*, 155 N.C. App. 381, 389, 573 S.E.2d 662, 667 (2002) for the proposition that being on call is insufficient to draw a government employee into the scope of employment while on a personal errand. The comparison is misplaced.

In the first place, the Commission unequivocally rejected plaintiff-employee's assertion that being on-call in and of itself placed her on duty:

15. . . . Plaintiff has argued that she was on-call during her shift, that she had her radio on and with her throughout the time she was gone in case she was called into service . . . 16. However, plaintiff was not at her workstation and was not engaged in any policy activity when her vehicle was rear-ended. . . . She was not paid for the lunch period, which was not considered to be a "break", a shorter rest period taken on site; nor was she paid mileage for use of her vehicle. Although she had her police radio on while she was gone, she had not been called into service during her lunch period but spent the time running personal errands.

Secondly, *Childs* dealt with the denial of governmental immunity to a government official involved in an automobile accident whose job required him to be on call twenty-four hours a day. *Id.* It was not a Workers' Compensation Act case. In *Childs*, we held that the mere fact that the official was on-call while running personal errands did not suffice to shield his conduct in a subsequent automobile accident via the doctrine of sovereign immunity. Its holding is tangential at best to the case at bar.

More importantly, the Commission did not rest its determination that the attack occurred in the scope of employment exclusively on the fact that plaintiff-employee was on call. The evidence was cumulative, and the Commission noted *inter alia*, that plaintiff-employee was still on her work shift, was in uniform, and that the assault resulted from her identification as a police officer. Indeed, in *Gaines*, *supra*, our Supreme Court held that the decedent, an off-duty but uniformed policeman on security duty murdered by the defendant, had been "engaged in the performance of his official duties." *Gaines*, 332 N.C. at 477, 421 S.E.2d at 577; *see State v. Lightner*, 108 N.C. App. 349, 351-52, 423 S.E.2d 827, 829 (1992) (upholding a conviction on a count of assault on a law enforcement officer, where the defendant assaulted off-duty but uniformed police officers at restaurant during the course of the altercation).

We stress that this Court does not function as an appellate fact finder; it is the Commission that performs the "ultimate fact-finding" function under our Worker's Compensation Act. *Adams v. AVX Corp.*, 349 N.C. 676, 680-81, 509 S.E.2d 411, 413 (1998). If the Commission's findings are supported by competent evidence, they are conclusive on appeal, *Hedrick v. PPG Indus.*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 801-02 (1997),

and this Court "may set aside a finding of fact only if it lacks evidentiary support." *Holley v. ACTS, Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003). In particular, this Court may not weigh the evidence or evaluate the credibility of witnesses, as "the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Adams*, 349 N.C. at 680, 509 S.E.2d at 413. A finding of fact is conclusive on appeal if supported by competent evidence, even where there is evidence to contradict the finding. *Id.* at 681, 509 S.E.2d at 414.

We have noted several findings of fact above that are undisputed and are cumulatively sufficient to support the Commission's decision on alternative grounds. "[S]o long as there is some 'evidence of substance which directly or by reasonable inference tends to support the findings, this Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary.' " *Shah v. Howard Johnson*, 140 N.C. App. 58, 61-62, 535 S.E.2d 577, 580 (2000) (quoting *Porterfield v. RPC Corp.*, 47 N.C. App. 140, 144, 266 S.E.2d 760, 762 (1980)), *disc. review denied*, 353 N.C. 381, 547 S.E.2d 17 (2001). We may not substitute our own judgment for that of the Commission, even though the evidence "might rationally justify reaching a different conclusion." *Floyd v. N.C. Dep't of Commerce*, 99 N.C. App. 125, 129, 392 S.E.2d 660, 662 (1990) (citation omitted), *disc. review denied*, 327 N.C. 482, 397 S.E.2d 217, *disc. review dismissed*, 327 N.C. 633, 399 S.E.2d 120 (1990).

[3] Next, the defendants contend the full Commission erred in failing to acknowledge or address all of the issues that were before it, especially the issue of plaintiff-employee's authority to engage in traffic stops. The Commission is not required to make a specific finding as to each potential point presented by the evidence. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 451, 85 S.E.2d 596, 599 (1955); *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 128, 162 S.E.2d 619, 620 (1968). The issue of authority is not material in this case, and the failure to specifically address it is not prejudicial error. *Thomason v. Cab Co.*, 235 N.C. 602, 605, 70 S.E.2d 706, 708-09 (1952). We find this argument to be without merit.

[4] The defendant's last argument contends that the Commission erred in its conclusion of law 2 in relying on a treatise to support its conclusion of law that police officials and others who keep the peace are subject to a special risk of assault. *See 1 Larson's Worker's Compensation Law* § 8.01 (2000). We note in passing that our

Supreme Court has previously cited to non-binding authorities to clarify issues. *See, e.g., State v. Ali*, 329 N.C. 394, 403, 407 S.E.2d 183, 189 (1991).

Here, the defendants contend that the Commission has erroneously relied on Larsen's treatise to effectively adopt the "positional risk" rule, rather than the "increased risk rule" which is the law of this state. *See Ramsey v. Southern Indus. Constructors Inc.*, 178 N.C. App. 25, 36, 630 S.E.2d 681, 689 (2006) ("[O]ur courts have applied an 'increased risk' analysis and have rejected the 'positional risk' doctrine . . . ."). We agree that the "increased risk" test and not the "positional risk" rule is the law of the State, but disagree with the defendant's contention that the Commission erroneously applied the latter.

Under the "increased risk" doctrine the injury arises out of the employment if the nature of the employment is "a contributing proximate cause of the injury, and one to which the employee would not have been equally exposed apart from the employment." *Roberts*, 321 N.C. at 358, 364 S.E.2d at 423. By contrast, the "positional risk" rule holds that " '[a]n injury arises out of the employment if it would not have occurred *but for* the fact that the conditions and obligations of employment placed claimant in the position where he was injured.' " *Id.* (quoting *1 A. Larson, The Law of Workmen's Compensation § 6.50* (1984)). The Commission specifically found that compensable injury was not the automobile accident—"a risk common to the traveling public"—which would flow from the "positional risk" argument. Instead, the Commission clearly stated that Sutton's assault would not have occurred "*but for* the fact that she [plaintiff-employee] was in uniform." (emphasis added). This finding conforms to the contours of the "increased risk" doctrine as demarcated in *Roberts* above.

Contrary to the defendants' assertions, the Commission and this Court have been cognizant of the fact that police officers are uniquely vulnerable to certain job related dangers. Injuries stemming from those dangers qualify for Workers' Compensation. *See Pulley v. City of Durham*, 121 N.C. App. 688, 694, 468 S.E.2d 506, 510 (1996) (holding that clinical depression leading to temporary total disability was a compensable work related injury for police officer because of nature of work); *Baker v. City of Sanford*, 120 N.C. App. 783, 788, 463 S.E.2d 559, 563 (1995) (holding that depression is an occupational disease for law enforcement officials); *Harvey v. Raleigh Police Dep't*, 85 N.C. App. 541, 544, 355 S.E.2d 147, 150 (1987), *disc. review*

*denied,* 320 N.C. 631, 360 S.E.2d 86 (1987) (reversing the Commission's finding that job related stress was not cause of officer's suicide and remanding for reconsideration); *Winfrey v. City of Durham Police Dep't,* I.C. NO. 814869, 2001 NC Wrk. Comp. LEXIS 2589 (2001) (finding that "plaintiff's employment as a police officer for defendant was a significant causal factor in plaintiff's development of major depression and plaintiff's job with defendant placed him at an increased risk for developing major depression").

**[5]** Finally, we address the plaintiff-employee's request that under our discretion we award her the expenses incurred in connection with litigating this appeal as permitted by statute. *See* N.C. Gen. Stat. § 97-88 (2003). Plaintiff-employee was injured on 10 November 2003. Deputy Commissioner Morgan's order granted her compensation for eight weeks of recuperative leave. Though the underlying facts are not in dispute, this case has been litigated at three levels over the same number of years. Under N.C.G.S. § 97-88, the Commission or a reviewing court may award costs, including attorney's fees, to an injured employee " 'if (1) the insurer has appealed a decision to the full Commission or to any court, and (2) on appeal, the Commission or court has ordered the insurer to make, or continue making, payments of benefits to the employee.' " *Brown v. Public Works Comm'n,* 122 N.C. App. 473, 477, 470 S.E.2d 352, 354 (1996) (quoting *Estes v. N.C. State Univ.,* 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994)).

In the case at bar, the defendants have appealed the Deputy Commissioner's decision that temporary total disability compensation be paid to plaintiff-employee. On appeal, the Commission unanimously affirmed the award of temporary total disability compensation. The defendants have now appealed to this Court, and we also affirm the original decision of the trial court. The statutory requirements are therefore satisfied, and we grant plaintiff-employee's request for expenses incurred in this appeal in our discretion. *See Brooks v. Capstar Corp.,* 168 N.C. App. 23, 30-31, 606 S.E.2d 696, 701 (2005); *Flores v. Stacy Penny Masonry Co.,* 134 N.C. App. 452, 459, 518 S.E.2d 200, 205 (1999). The Commission must determine the portion of the attorney's fees stemming from the appeal. *Hodges v. Equity Grp.,* 164 N.C. App. 339, 347 596 S.E.2d 31, 37 (2004). Accordingly, this matter is remanded to the Commission with instruction that the Commission determine the amount due plaintiff-employee for the costs incurred as a result of the appeal to this Court, including reasonable attorney's fees.

Affirmed in part, remanded in part.

Judges ELMORE and JACKSON concur.