An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1215
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014


REINALDO OLAVARRIA,
     Plaintiff,

v.                                    Wake County
                                      No. 13 CVS 00491
WAKE COUNTY HUMAN SERVICES: MARY
MORRIS, WARREN LUDWIG, MARILYN
FLETCHER, RAMON ROJANO, KATHY
SUTEHALL, LINDA CLEMENTS. WENDELL
POLICE DEPARTMENT: ROY D.
HOLLOWAY, JAMES E. GILL, and VANCE
JOHNSON,
     Defendants.


     Appeal by Plaintiff from order entered 6 August 2013 by Judge Orlando F. Hudson, Jr., in Wake County Superior Court. Heard in the Court of Appeals 20 March 2014.


     *Reinaldo Olavarria, Pro Se.*

     *Office of the Wake County Attorney, by Assistant Wake County Attorney Kenneth R. Murphy, III, for Defendants Wake County Human Services, Mary Morris, Warren Ludwig, Marilyn Fletcher, Ramon Rojano, Kathy Sutehall, and Linda Clements.*

     *Cranfill Sumner & Hartzog LLP, by Kari R. Johnson, for Defendants Wendell Police Department, Roy D. Holloway, James E. Gill, and Vance Johnson.*


     DILLON, Judge.

Reinaldo Olavarria ("Plaintiff") appeals from the trial court's order dismissing his claims against Defendants with prejudice pursuant to Rules 12(b)(1),(2),(4),(5), and (6) of the North Carolina Rules of Civil Procedure. We affirm.

## I. Factual & Procedural Background

On or about 3 January 2012, Plaintiff, proceeding *pro se*, filed two nearly identical complaints, one in Wake County District Court and one in Wake County Superior Court.[1] The complaints asserted the same claims against Defendants Wake County Human Services ("WCHS"), Mary Morris, Warren Ludwig, Marilyn Fletcher, Ramon Rojano, Kathy Sutehall, and Linda Clements (hereinafter, "Wake County Defendants"), and Defendants Wendell Police Department ("WPD"), Roy D. Holloway, James E. Gill, and Vance Johnson (hereinafter, "Wendell Defendants") (collectively, "Defendants"). In his complaints, Plaintiff alleged that Defendants had wrongfully investigated and arrested him for misdemeanor child abuse in January 2011, following an incident in which his daughter "hit her head on the head board of her bed while throwing a tantrum regarding taking a bath" and after "trying to maneuver around [Plaintiff] to get to her

---

[1] Plaintiff's district court complaint is dated 30 December 2011 and does not bear a file stamp. Plaintiff's superior court complaint is dated 30 December 2011 and is filed stamped 3 January 2012.

sister." Plaintiff further alleged that he was criminally charged on 18 January 2010; that the Wake County Department of Health and Human Services placed him on its list of "responsible individuals" ("RIL"), *see* N.C. Gen. Stat. § 7B-311(b) (2011), in February 2010; and that the charges against him were dismissed in May 2010. Plaintiff's claims, though not numbered and set out separately as such in the complaints, consisted of, *inter alia*, violation of his constitutional rights – specifically, his right to procedural due process – gross negligence, and defamation.

Defendants filed answers denying Plaintiff's allegations and moving to dismiss Plaintiff's complaints pursuant to Rules 12(b)(1),(2),(4),(5), and (6) of the North Carolina Rules of Civil Procedure. Defendants also requested that Plaintiff's two complaints be consolidated in Wake County Superior Court.

Defendants' motions to dismiss and motions to transfer the district court case to superior court were calendared to be heard at the 2 April 2012 session in Wake County Superior Court. Prior to the hearing, however, Plaintiff requested a continuance on grounds that he was seeking representation of an out-of-state attorney, Alfred Odom, and that Mr. Odom was "in the process of obtaining pro hac vice admission to the State of North Carolina

to represent [him] in this case." Defendants agreed to Plaintiff's request for a continuance.

Defendants' motions again came on for hearing on 21 May 2012. Plaintiff then informed Defendants that he was continuing to have difficulties securing Mr. Odom's representation and provided Defendants with a letter purportedly drafted (but not signed) by Mr. Odom stating Mr. Odom's intention to represent Plaintiff in this case.

Plaintiff's claims were ultimately consolidated in Wake County Superior Court, where Defendants' motions came on for hearing on 5 November 2012. Plaintiff appeared at the hearing *pro se*. By order filed 23 January 2013, the court granted Defendants' motions to dismiss "based upon the failure of plaintiff to have a Summons issued and served with the Complaint as required by Rule 4 of the North Carolina Rules of Civil Procedure." Plaintiff did not appeal from the 23 January 2013 order.

On 11 January 2013, Plaintiff filed a new complaint alleging essentially the same claims against the same Defendants. The new complaint was signed by Mr. Odom, and summonses were served on Defendants. Defendants filed answers asserting numerous defenses and moving to dismiss Plaintiff's

claims pursuant to Rules 12(b)(1),(2),(4),(5), and (6) of the North Carolina Rules of Civil Procedure. Defendants served Mr. Odom with all documents.

On 1 July 2013, Mr. Odom filed a motion with the court seeking pro hac vice admission. Attached to the motion was a statement signed by Plaintiff in which Plaintiff indicated that he had retained Mr. Odom to represent him in this case. By order entered 12 July 2013, the court denied Mr. Odom's motion for pro hac vice admission on grounds that Mr. Odom had failed to associate with a North Carolina attorney in filing his motion.

Defendants' motions to dismiss Plaintiff's claims came on for hearing on 25 July 2013, at which time Plaintiff requested a continuance in light of Mr. Odom's failure to gain pro hac vice admission. The court denied Plaintiff's request and proceeded to hear arguments on the merits of Defendants' motions. By order entered 6 August 2013, the trial court dismissed all of Plaintiff's claims with prejudice. From this order, Plaintiff appeals.

## II. Analysis

### A. Plaintiff's Request to Withdraw his Complaint

Plaintiff first asserts that Mr. Odom was unauthorized to file the 11 January 2013 complaint on his behalf, and, "[b]ecause of [this] error, Plaintiff moves this matter be remanded to the North Carolina Superior Court, to allow Plaintiff to withdraw this complaint, without prejudice; or, that [he] be allowed to amend the complaint, upon remand, and correct any deficiencies in filing." Plaintiff alleges that Mr. Odom "defrauded" him and engaged in "illegal" conduct and that Mr. Odom is liable to him for breach of contract and malpractice. Whether or not Plaintiff may have causes of action against Mr. Odom, however, is beyond the scope of this appeal. Our concern here is limited to the validity of the complaint at issue, and, as Defendants point out, this Court has specifically held that "a pleading filed by an attorney not authorized to practice law in this state is not a nullity." *Thiel v. Detering*, 68 N.C. App. 754, 756, 315 S.E.2d 789, 791 (1984); *see also Reid v. Cole*, 187 N.C. App. 261, 265, 652 S.E.2d 718, 720-21 (2007).

Closely related to Plaintiff's first argument is his contention that he was not served with Defendants' filings in this case – the filings were instead served on Mr. Odom – and thus Plaintiff "also cite[s] lack of service of process in

support of his pleas to have the case remanded to allow the case to be withdrawn and/or amended to cure deficiencies in filing." Our review of the record, however, reveals that Plaintiff consistently represented to Defendants throughout these proceedings – from the time Plaintiff filed his two original complaints on 3 January 2012 up until the 25 July 2013 hearing on Defendants' motions to dismiss the complaint in the instant case – that Mr. Odom would be representing him as his attorney in this case. It appears that Defendants were, in fact, *required* to serve Mr. Odom with their filings – and prohibited from serving them on Plaintiff – under Rule 4.2(a) of the North Carolina Rules of Professional Conduct, which expressly forbids an attorney from directly communicating with an individual that he knows to be represented by another attorney in the action. This contention is accordingly overruled.

## B. Defendants' Motions to Dismiss

We next address the merits of the trial court's dismissal of Plaintiff's complaint. The trial court dismissed Plaintiff's claims with prejudice "pursuant to Rules 12(b)(1),(2),(4),(5), and (6) of the North Carolina Rules of Civil Procedure based upon Plaintiff's failure to properly serve the Defendants, lack of personal jurisdiction, Plaintiff's failure to allege waiver

of governmental immunity, and Plaintiff's [f]ailure to otherwise assert valid claims for relief against the Defendants." Although there appear to be several grounds upon which dismissal was appropriate, we affirm the trial court's decision based upon the deficiencies present on the face on the complaint, as discussed below.

This Court has held that certain governmental entities, such as county boards, departments, and agencies, are not legal entities capable of being sued. *Craig v. County of Chatham*, 143 N.C. App. 30, 31, 545 S.E.2d 455, 456 (2001), *aff'd in part, rev'd in part on other grounds*, 356 N.C. 40, 565 S.E.2d 172 (2002) (noting that, unlike the county itself, which possesses "the right to sue and be sued" pursuant to N.C. Gen. Stat. § 153A-11, the Chatham County Board of Health and Chatham County Board of Commissioners are not entities capable of being sued). Accordingly, the claims asserted in Plaintiff's complaint against WCHS and WPD, which fall within the purview of governmental entities incapable of being sued, were correctly dismissed.

The remaining Wake County and Wendell Defendants consist of individuals employed by WCHS and WPD, respectively. This Court has stated that "[g]overnmental immunity shields municipalities

and the officers or employees thereof sued in their *official capacities* from suits based on torts committed while performing a governmental function." *Kephart by Tutwiler v. Pendergraph*, 131 N.C. App. 559, 563, 507 S.E.2d 915, 918 (1998) (emphasis added). County officers and employees are likewise shielded by governmental immunity "when they are sued in their official capacities." *Childs v. Johnson*, 155 N.C. App. 381, 386, 573 S.E.2d 662, 665 (2002).

Our Supreme Court has stated the following with respect to the manner in which claims may be properly asserted against a defendant in his *individual*, as opposed to his official, capacity:

> Pleadings should indicate in the caption the capacity in which a plaintiff intends to hold a defendant liable. For example, including the words "in his official capacity" or "in his individual capacity" after a defendant's name obviously clarifies the defendant's status. In addition, the allegations as to the extent of liability claimed should provide further evidence of capacity. Finally, in the prayer for relief, plaintiffs should indicate whether they seek to recover damages from the defendant individually or as an agent of the governmental entity.

*Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724-25 (1998). Our Supreme Court recently indicated that the foregoing *Mullis* "directive is mandatory" in determining whether a

complaint asserts a claim against a defendant in his individual capacity. *White v. Trew*, 366 N.C. 360, 364, 736 S.E.2d 166, 169 (2013) ("Because the indicia of capacity mandated by *Mullis* are absent from the caption, allegations, and prayer for relief, we must presume that defendant is being sued in only his official capacity.").

Our review of Plaintiff's complaint reveals that Plaintiff has alleged claims against these Defendants in their official capacities. Neither the caption of the complaint nor the prayer for relief indicates an intention to assert claims or seek damages against these Defendants in their individual capacities. The body of the complaint does not specify that the claims are asserted against any Defendant in his or her individual capacity; in fact, paragraph 38 of the complaint states that each of the Wake County Defendants "acted in their official capacity as officers, agents, and/or employees of defendant WCHS," and, similarly, paragraph 39 of the complaint states that each of the Wendell Defendants "acted in their official capacity as officers, agents, and/or employees of defendant WPD." We, therefore, presume that the complaint asserts claims against these Defendants in their official capacities only. *Id.*

Because all of the claims set forth in Plaintiff's

complaint are asserted against either entities incapable of being sued or employees of those entities in their official capacities only[2], and because the complaint does not specifically allege a waiver of governmental immunity, we hereby affirm the trial court's dismissal of these claims. *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002).

AFFIRMED.

Judges STROUD and HUNTER, JR. concur.

Report per Rule 30(e).

---

[2] We note that there is no question that the conduct of the individual Defendants of which Plaintiff complains concerns Defendants' conduct while performing official government functions. *Kephart by Tutwiler*, 131 N.C. App. at 563, 507 S.E.2d at 918.