ANTHONY GAINES, EMPLOYEE v. L. D. SWAIN & SON, INC., EM-
PLOYER; RELIANCE INSURANCE COMPANY, CARRIER

No. 7614IC922

(Filed 6 July 1977)

Master and Servant § 94— workmen's compensation — insufficient finding
of facts by Industrial Commission

In an action to recover compensation for an alleged injury by accident arising out of and in the course of plaintiff's employment, findings of fact were insufficient to support the order of the Industrial Commission that plaintiff's hearing loss did not result from use

of a jackhammer on a construction job, and hence was not an injury by accident arising out of and in the course of employment, where such findings consisted only of a recitation of an expert witness's testimony.

APPEAL by plaintiff from opinion of the North Carolina Industrial Commission filed 28 June 1976. Heard in the Court of Appeals 7 June 1977.

Plaintiff seeks compensation from his employer, L. D. Swain & Son, Inc., and Reliance Insurance Company, the employer's compensation carrier, for an alleged injury by accident arising out of and in the course of his employment.

The parties stipulated that at the time of the alleged injury by accident the parties were subject to the provisions of the Workmen's Compensation Act and that the employer-employee relationship existed between plaintiff and defendant employer at such time.

Plaintiff's testimony tends to show: On 8 May 1974 he was working for defendant employer in the operation of an air drill. He and Mr. L. D. Swain were handling the air drill together as they bored holes in a wall at tabletop height. The room they were working in was approximately thirty feet by fifty feet. Plaintiff asked his employer for earplugs but was given none; he operated the air drill practically all day. He suffered a sudden hearing loss after operating the air drill and went to the doctor the next morning. He had not had any hearing trouble prior to 8 May 1974.

A clinical audiologist, who was stipulated to be an expert in measuring hearing loss, testified that based on the report of the tests given plaintiff on 11 and 25 June 1974, in his opinion plaintiff had a bilateral severe hearing loss which was recent. The report stated that plaintiff's hearing loss was evidence of a "phenomenon associated with cochlear damage and frequently with noise trauma." Plaintiff's father testified that plaintiff had no hearing problem prior to 8 May 1974.

Defendants presented the testimony of L. D. Swain who stated that he operated the air drill with plaintiff on the date in question; that they would operate the drill for about a minute or minute and one-half and then move to the next hole; that they operated the drill for "approximately twenty minutes all totaled"; that plaintiff did not ask him for earplugs nor had

he asked for any plugs or protectors the only other time that they had used an air drill or air hammer; and that previously he had asked plaintiff to get his hearing checked because his hearing problem was noticeable.

Two other employees testified that plaintiff had hearing trouble prior to the incident in question. Neither of them heard plaintiff ask for earplugs on that date.

The deposition of Doctor Frank Wardar was also introduced into evidence. Dr. Wardar is an ortalarygolist (ear, nose and throat specialist) with extensive medical experience and training. He testified that he examined plaintiff on 9 May 1974 at McPherson Hospital but the test results were not reliable; that this was not unusual in recent hearing losses of a severe nature; that plaintiff's hearing was further tested on 23 May 1974 and 6 June 1974 with these tests indicating a hearing loss in both ears at the three frequencies tested; that plaintiff was tested by the audiologist on 11 June 1974 and Dr. Wardar felt that all three tests showed consistent responses and were almost identical; that plaintiff was instructed to avoid further exposure to noise levels exceeding ninety decibels; that plaintiff was tested again on 19 April 1975 and the test showed a further hearing loss during the intervening period.

In response to a hypothetical question, Dr. Wardar testified that in his opinion plaintiff's hearing loss could not have been caused by the operation of the jackhammer on 8 May 1974. Based on a review of medical literature, his own experience and discussions with his colleagues at Duke, Dr. Wardar testified that industrial noise levels of the type in question do not cause sudden bilateral hearing loss but cause gradual losses of hearing, normally beginning at high frequencies only and leveling off 30 to 60 days after the person has been exposed to the excessive noise. Plaintiff's sudden bilateral loss of hearing in all frequencies and continued loss of hearing followed removal of the excessive noise indicated to Dr. Wardar that plaintiff's hearing loss was caused by a metabolic process, either viral or based on other etiologies. Dr. Warder stated that hearing losses in younger persons such as plaintiff were usually due to viral illnesses and although plaintiff exhibited no signs or symptoms of viral illness, this was often the case.

Deputy Commissioner Denson purported to find facts in accordance with Dr. Wardar's opinion and concluded that plain-

tiff sustained neither an injury by accident nor an occupational disease within the meaning of the Workmen's Compensation Act. Plaintiff appealed to the Full Commission which ordered the case reset to permit both parties to present further evidence as to the causal relationship between plaintiff's alleged injury by accident and his hearing loss.

Plaintiff submitted the additional testimony of Margaret G. Wiseman, who was qualified as an expert audiologist trained in the therapy of individuals having impaired hearing. She testified that she saw plaintiff on 25 June 1974 and he complained that he had a sudden hearing loss after using a jackhammer on a construction job. The tests administered by her indicated that plaintiff had a bilateral moderately severe sensorineural hearing loss and that his poor discrimination scores were frequently associated with cochlear damage and with noise trauma.

The Full Commission received this further testimony along with the previous testimony of record and thereafter affirmed and adopted as its own the opinion and award of Deputy Commissioner Denson. From this determination, plaintiff appealed.

*Pearson, Malone, Johnson, DeJarmon and Spaulding, by W. G. Pearson II and T. Mdodana Ringer, Jr., for plaintiff appellant.*

*Newsom, Graham, Strayhorn, Hedrick, Murray, Bryson & Kennon, by O. William Faison, Jr., and Lewis A. Cheek, for defendant appellee.*

BRITT, Judge.

Plaintiff contends that the Industrial Commission erred in finding and concluding that he did not sustain an injury by accident nor an occupational disease within the meaning of the Workmen's Compensation Act. We do not reach the question stated at this time.

On appeal from an order of the Industrial Commission the jurisdiction of the courts is limited to the questions of law whether there was competent evidence before the commission to support its findings of fact and whether such findings justify the legal conclusions and decision of the commission. *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760 (1950), *Snead v. Mills, Inc.,* 8 N.C. App. 447, 174 S.E. 2d 699 (1970). It is also settled that the findings of the Industrial Commission are

Gaines v. Swain & Son, Inc.

conclusive on appeal when supported by competent evidence even though there is evidence that would have supported findings to the contrary. G.S. 97-86, *Hales v. Construction Co.*, 5 N.C. App. 564, 169 S.E. 2d 24 (1969).

While the commission is not required to make findings as to each fact presented by the evidence, it is required to make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends. *Smith v. Construction Co.*, 27 N.C. App. 286, 218 S.E. 2d 717 (1975). If the findings of fact of the commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the commission for proper findings of fact. *Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E. 2d 797 (1948). As stated in *Thomason v. Cab Co.*, 235 N.C. 602, 605-6, 70 S.E. 2d 706, 709 (1952):

> "The findings of fact of the Industrial Commission should tell the full story of the event giving rise to the claim for compensation. They must be sufficiently positive and specific to enable the court on appeal to determine whether they are supported by the evidence and whether the law has been properly applied to them. . . . It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the matters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which those rights depend."

In the case *sub judice,* we think the commission failed to make sufficient findings of fact to support its order. The crucial "findings" made by the commission are mere recitals of the evidence and are not sufficiently positive and specific to enable this court to judge the propriety of the order. *Thomason v. Cab Co., supra.*

In findings of fact numbered 6 and 7, the commission found:

> "6. Dr. Wardar is of the opinion that the operation of the drill on May 8, 1974, under the circumstances could not have caused a sudden bilateral onset of hearing loss preceding the McPherson tests on May 9, 1974. Further, based on the test results and the relation of sudden onset

of bilateral hearing loss on May 8, 1974 by plaintiff Dr. Wardar is of the opinion that plaintiff's hearing loss is more likely not based on exposure to loud noise, specifically the use of the air drill. In cases where industrial loud noise is the cause for hearing loss, typically the hearing loss extends over a long period of time with the loss being gradual in onset and once the patient is removed from the high noise level, the patient's hearing tends to stabilize. Plaintiff was removed from his employment environment since he has not worked from May 9, 1974, but his hearing continued to decline.

"7. Dr. Wardar thinks it more likely that plaintiff's hearing loss was due to a viral illness although there was no evidence of such viral illness upon medical examination; suffice to say that the doctor's opinion is that plaintiff's hearing loss is not due to the exposure to noise in the employment on May 8, 1974."

These are not appropriate *findings of fact*. Obviously, the expert testimony was crucial to a proper determination, particularly as to any causal relationship between plaintiff's alleged injury by accident and his employment. However, the *recitation* of Dr. Wardar's *opinion* is not sufficient in this case.

Finding of fact number 7 states that Dr. Wardar thinks it is more likely that plaintiff's hearing was due to a viral illness. We fail to perceive how this can constitute a positive finding to support the commission's determination. Although medical testimony is oftentimes less than precise, the commission must do more than recite the expert's opinion.

The crucial finding necessary to determine the rights of these parties is whether plaintiff's loss of hearing was caused by the operation of the jackhammer. The necessary conclusion based on this finding would be whether this was an injury by accident arising out of and in the course of employment. The only determinative "finding of fact" in this instance is "suffice to say that the doctor's opinion is that plaintiff's hearing loss is not due to the exposure to noise in the employment on May 8, 1974." We hold that this finding is insufficient to support the commission's conclusion of law.

Furthermore, we note that in finding of fact number 3, the commission found that "[t]he record is devoid of evidence as

to exactly how long the air drill was being used." Mr. Swain testified that "we ran the drill for approximately twenty minutes all totaled." The finding was not based on evidence.

For failure of the commission to make sufficient findings of fact to support its conclusions of law, the opinion appealed from is vacated and this cause is remanded to the Industrial Commission for proper findings of fact, conclusions of law and determination of the rights of the parties. *Allred v. Woodyards, Inc.*, 32 N.C. App. 516, 232 S.E. 2d 879 (1977).

Vacated and remanded.

Judges VAUGHN and ARNOLD concur.