**SEGOVIA v. J.L. POWELL & CO.**

[167 N.C. App. 354 (2004)]

GILBERTO SEGOVIA, JR., Employee, Plaintiff v. J.L. POWELL & COMPANY, Employer, and AMERICAN INTERSTATE INSURANCE COMPANY, Carrier, Defendants

No. COA04-37

(Filed 7 December 2004)

**Workers' Compensation— disability—laid off**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff is not currently disabled as a result of his prior injuries and by denying plaintiff further compensation, because: (1) plaintiff was physically able to perform his former job and would have returned to those duties if he had not been laid off due to an economic downturn; and (2) plaintiff's lack of employment was not due to his injuries.

Appeal by plaintiff from opinion and award entered 23 September 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 September 2004.

*The McGougan Law Firm, by Paul J. Ekster and Dennis T. Worley, for plaintiff-appellant.*

*Young Moore and Henderson P.A., by Joe E. Austin, Jr. and Zachary C. Bolen, for defendant-appellees.*

THORNBURG, Judge.

Gilberto A. Segovia, Jr. ("plaintiff") appeals from an opinion and award of the North Carolina Industrial Commission (the "Commission") denying his claim for further compensation. For the reasons stated herein, we affirm the opinion and award of the Commission.

The relevant facts and procedural history are summarized as follows: Plaintiff suffered compensable injuries by accident to his back and ear while working for defendant J.L. Powell & Company ("defendant-employer") on 21 April 2000. Plaintiff missed work for medical reasons from 22 April 2000 until 18 June 2000. On 19 June 2000, plaintiff returned to work for defendant-employer doing light duty work. Plaintiff eventually resumed his former duties. Plaintiff was out of work for ear surgery from 13 September 2000 through 21 September 2000. Plaintiff returned to work for defendant-employer on 22 September 2000 until he was taken out of work for a second ear

surgery on 13 March 2001. Plaintiff's physician had indicated that plaintiff would be out of work for no more than a week. However, plaintiff was laid off by defendant-employer on 14 March 2001 along with eleven other employees.

Defendants admitted liability for benefits pursuant to a form 60 and paid temporary total disability benefits to plaintiff during all the periods plaintiff was out of work and continued to do so after laying him off. After plaintiff was laid off, defendants filed several form 24 requests to stop payment of compensation alleging that plaintiff was out of work due to the economy rather than due to a disability. These requests were denied by the Commission, and defendants requested a hearing on the matter. On 22 January 2003, a deputy commissioner entered an opinion and award concluding that plaintiff's loss of earnings was not due to any disability arising from the injury and denying further compensation. Plaintiff appealed to the full Commission, which in an order entered 23 September 2003, affirmed the decision of the deputy commissioner. Plaintiff appeals.

The dispositive issue on appeal is whether the full Commission's findings of fact are supported by the evidence and whether the findings of fact in turn support the conclusions of law. Specifically, plaintiff argues that the full Commission erred in terminating plaintiff's disability benefits when plaintiff is still disabled.

On appeal of a workers' compensation decision, we are "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). An appellate court reviewing a workers' compensation claim "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).

On appeal, plaintiff challenges the following findings of fact:

7. Plaintiff returned to work for defendant-employer on June 19 at light duty, where he just scanned wood for metal. He later gradually worked back into his regular job, which he performed satisfactorily without apparent difficulty. On September 13, 2000 he

went back out of work for his ear surgery and he returned to work on September 22, 2000. When he had his second ear operation on March 13, 2001, he again went out of work and was to be out for no more than a week. Although Dr. Kenyon released him to return to work on March 19, 2001 without restrictions, his employer had laid him off, along with 11 other employees, while he was out with his surgery. There had been a significant decline in business, which precipitated the layoff of employees. Consequently, plaintiff, who was physically capable of performing his regular job duties, was unable to return to work in his former position. The only other time plaintiff was kept out of work due to disability from his injury was on September 6, 2001 when he had the last operative procedure to his ear. Dr. Kenyon advised the caseworker that there would only be one day, the day of surgery, where plaintiff would be unable to work due to that procedure.

. . . .

10. Plaintiff has been physically capable of performing his regular job with defendant-employer since late September 2000, except for two very short periods associated with the outpatient ear procedures by Dr. Kenyon in March and September 2001. Had it not been for the reduction in business associated with the company-wide layoffs due to the economic downturn, he would have returned to work for defendant-employer after each of those procedures. The greater weight of the evidence establishes that the plaintiff's inability to earn wages since March 2001 was due to the layoff and plaintiff's lack of interest in returning to work, and not due to any disability associated with plaintiff's injury. In addition, despite plaintiff's lack of enthusiasm for obtaining another job, plaintiff could have been earning wages in at least one part-time job that was specifically offered to him by a local grocery store. The evidence establishes that work was available which was suitable for plaintiff, including positions as a bus boy, a kitchen helper, an office cleaner, and as a stocker at other grocery stores. Moreover, the evidence establishes that plaintiff appeared to be trying to sabotage efforts to find alternative employment. Finally, plaintiff had no driver's license due to his illegal status. This created an additional barrier to plaintiff's finding and attending work.

Competent evidence supports these findings of fact. The owner of defendant-employer, John Fisher, provided testimony at the hear-

ing that supports the finding that plaintiff performed his job satisfactorily and was laid off because of a decline in business. Plaintiff and defendants stipulated plaintiff had no restrictions due to his ear injury after 18 March 2001. The deposition of caseworker Carlos Encinas supports the findings pertinent to plaintiff's vocational rehabilitation and employment prospects.

Having concluded that the evidence supports the findings of fact challenged by plaintiff, we next address whether the findings were sufficient to support the Commission's conclusion of law that plaintiff is not currently disabled as a result of his prior injuries.

> [T]he term "disability" in the context of workers' compensation is defined as the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment. N.C.G.S. 97-2(9) (2003). Consequently, a determination of whether a worker is disabled focuses upon impairment to the injured employee's earning capacity rather than upon physical infirmity.

*Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 707, 599 S.E.2d 508, 513 (2004). In the case at bar, the full Commission found that plaintiff was physically able to perform his former job and would have returned to those duties if he had not been laid off due to an economic downturn. Moreover, the full Commission found that plaintiff's lack of employment was not due to his injuries. These findings support the full Commission's conclusion that plaintiff's earning capacity is not currently affected by the injuries he suffered to his back and ear. Therefore, we conclude that the full Commission did not err in concluding that plaintiff is not currently disabled as a result of his injuries and thus, in denying plaintiff further compensation. As this issue is dispositive, we need not address plaintiff's remaining arguments.

Affirmed.

Judges GEER and LEVINSON concur.