JUDY PERRY, Employee-Plaintiff v. CKE RESTAURANTS, INC., Employer-Defendant, and TRAVELERS INSURANCE COMPANY, Carrier-Defendant

No. COA07-190

(Filed 18 December 2007)

**Workers' Compensation— additional medical compensation— preauthorization—failure to admit liability**

The full Industrial Commission did not err in a workers' compensation case by awarding additional medical compensation to plaintiff even though plaintiff failed to seek preauthorization for her medical treatment, and defendants were not excused from liability for such treatment under N.C.G.S. § 97-25.3, because: (1) although N.C.G.S. § 97-25.3(a) allows an insurer to impose preauthorization requirements, the statute itself does not impose such requirements; (2) in order to claim the protections afforded under N.C.G.S. § 97-25.3(a), defendants must have presented evidence that they actually required preauthorization for the treatment plaintiff received, and the record was devoid of such evidence; (3) even if defendants had in fact imposed preauthorization requirements on plaintiff, N.C.G.S. § 97-25.3(b) specifically states that an insurer may not impose preauthorization requirements for services for which the insurer does not admit liability, and the findings of fact adequately support the conclusion of law that defendants could not impose a preauthorization requirement on plaintiff since defendants denied liability for plaintiff's treatment on grounds that there was no causal connection between the compensable injury and the medical treatment at issue; (4) had the Legislature intended to waive preauthorization requirements only when a defendant was aware of a plaintiff's injury, change of condition, or medical treatment, it could have explicitly drafted the statute to reflect this intent; and (5) although defendants contend they should be allowed to raise the defense of lack of liability for plaintiff's injury and failure to seek preauthorization in the alternative, the plain language of the statute prohibits such defenses from being raised in the alternative in these circumstances.

Appeal by Defendants from Opinion and Award entered 17 November 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 19 September 2007.

**PERRY v. CKE RESTS., INC.**

[187 N.C. App. 759 (2007)]

*Doran, Shelby, Pethel and Hudson, P.A., by David A. Shelby, for Plaintiff-Appellee.*

*Morris York Williams Surles & Barringer, LLP, by Stephen Kushner and Angela M. Easley, for Defendants-Appellants.*

STEPHENS, Judge.

## I. FACTS AND PROCEDURE

Judy Perry ("Plaintiff") slipped and fell at work on 6 October 1999, injuring her head and back. Plaintiff contended that as a result of the accident, she was entitled to payment of compensation for missed work, payment of medical expenses and treatment, payment for permanent partial disability, and payment for permanent total disability. Plaintiff's employer, CKE Restaurants, Inc., commonly known as Hardee's, and Travelers Insurance Company (collectively "Defendants"), accepted compensability for the claim as a "medicals only claim."

The case was heard before Deputy Commissioner Amy L. Pfeiffer on 28 November 2001. Deputy Commissioner Pfeiffer filed an Opinion and Award on 7 August 2002, in which she found that Plaintiff had sustained an injury which resulted in a concussion and materially exacerbated Plaintiff's preexisting back condition. Furthermore, Deputy Commissioner Pfeiffer determined that Plaintiff was temporarily totally disabled and entitled to temporary total disability benefits from 29 March 2000 through 17 July 2001; Plaintiff reached maximum medical improvement on 17 July 2001; Plaintiff was entitled to permanent partial disability benefits for a fifteen percent permanent partial impairment to her back; and Defendants were responsible for all related medical treatment received by Plaintiff due to her back condition. Neither party appealed the decision.

After that Opinion and Award was filed, Plaintiff sought and received a significant amount of additional medical treatment, including three back surgeries, without advising Defendants or seeking preauthorization for such treatment from Defendants. On 5 August 2004, Plaintiff filed a "Request that Claim be Assigned for Hearing," asserting that she had sustained a change of condition within the meaning of N.C. Gen. Stat. § 97-47 and was entitled to further benefits and medical treatment. Defendants filed a response, contending Plaintiff had not sustained a change of condition within the meaning of N.C. Gen. Stat. § 97-47; Plaintiff had not contested Deputy Commissioner Pfeiffer's prior determination that Plaintiff had reached

maximum medical improvement in July 2001; Plaintiff had not sought any authorization for medical treatment from Defendants for several years; any medical treatment Plaintiff had received since 7 August 2002 had not been authorized by Defendants; and all benefits owed to Plaintiff pursuant to Deputy Commissioner Pfeiffer's Opinion and Award had been paid by Defendants.

The case was heard before Deputy Commissioner John B. Deluca on 28 June 2005. In an Opinion and Award filed 30 March 2006, Deputy Commissioner Deluca determined that Plaintiff's back condition was causally related to her compensable injury of 6 October 1999; Plaintiff had sustained a change of condition on 8 November 2002 and had not yet reached maximum medical improvement; Plaintiff was entitled to total disability benefits from 8 November 2002 until further order of the Industrial Commission; and Plaintiff was entitled to payment of medical and related expenses incurred or to be incurred as a result of Plaintiff's compensable injury.

From this Opinion and Award, Defendants appealed to the Full Industrial Commission. The Full Commission affirmed Deputy Commissioner Deluca's decision with minor modifications. Defendants appealed the decision of the Full Commission to this Court. The sole issue on appeal is whether the Full Commission erred in awarding additional medical compensation to Plaintiff where Plaintiff failed to seek preauthorization for her medical treatment, thus excusing Defendants from liability for such treatment pursuant to N.C. Gen. Stat. § 97-25.3.

## II. DISCUSSION

Appellate review of an Opinion and Award of the Full Commission is limited to a determination of whether the Full Commission's findings of fact are supported by any competent evidence, and whether those findings support the Full Commission's legal conclusions. *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). The Full Commission's conclusions of law are reviewable *de novo*. *Whitfield v. Lab. Corp. of Am.*, 158 N.C. App. 341, 581 S.E.2d 778 (2003).

First, Defendants claim the Full Commission erred in awarding Plaintiff additional medical compensation because Defendants were entitled to impose preauthorization requirements on Plaintiff's receipt of additional medical treatment. N.C. Gen. Stat. § 97-25.3(a) states in relevant part that "[a]n insurer *may* require preauthorization

for inpatient admission to a hospital, inpatient admission to a treatment center, and inpatient or outpatient surgery." N.C. Gen. Stat. § 97-25.3(a) (2005) (emphasis added). While this section allows an insurer to impose preauthorization requirements, the statute itself does not impose such requirements. Thus, in order to claim the protections afforded by N.C. Gen. Stat. § 97-25.3(a), Defendants must have presented evidence that they actually required preauthorization for the treatment Plaintiff received. As the record herein is devoid of such evidence, Defendants did not prove they were entitled to protection under N.C. Gen. Stat. § 97-25.3(a).

Second, Defendants claim the Full Commission erred in awarding Plaintiff additional medical compensation because Plaintiff sought medical treatment without obtaining preauthorization from Defendants. N.C. Gen. Stat. § 97-25.3(b) states in relevant part:

(b) An insurer may not impose a preauthorization requirement for the following:

(1) Emergency services;

(2) Services rendered in the diagnosis or treatment of an injury or illness for which the insurer has not admitted liability or authorized payment for treatment pursuant to this Article; and

(3) Services rendered in the diagnosis and treatment of a specific medical condition for which the insurer has not admitted liability or authorized payment for treatment although the insurer admits the employee has suffered a compensable injury or illness.

N.C. Gen. Stat. § 97-25.3(b) (2005).

It is undisputed that Plaintiff did not seek any preauthorization with respect to the medical treatment she received following the 7 August 2002 Opinion and Award. It is also undisputed that Defendants asserted that the condition for which Plaintiff sought treatment was not causally related to Plaintiff's compensable injury of 6 October 1999. Consequently, even if Defendants had in fact imposed preauthorization requirements on Plaintiff, since the statute specifically states that an insurer may not impose preauthorization requirements for services for which the insurer does not admit liability, Plaintiff was not required to seek preauthorization from Defendants for such services.

Defendants argue further, however, that the Full Commission did not make specific findings of fact to support its conclusion that Defendants are responsible for payment of Plaintiff's medical expenses despite a lack of preauthorization. "While the [Full] [C]ommission is not required to make findings as to each fact presented by the evidence, it is required to make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends." *Gaines v. L. D. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977). If the Full Commission's findings of fact are insufficient to allow this Court to determine the parties' rights upon the matters in controversy, the proceeding must be remanded to the Full Commission for proper findings of fact. *Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E.2d 797 (1948).

The Full Commission made the following relevant findings of fact:

2. On October 6, 1999, Plaintiff slipped and fell on the floor at work. . . . Defendants admitted this injury as a medicals-only claim.

. . . .

17. From August 7, 2002, through the date of the hearing before Deputy Commissioner Deluca, Plaintiff did not contact Defendants regarding additional treatment for her back.

. . . .

34. . . . Defendants have denied that Plaintiff's current medical treatment is related to her compensable injury.

These findings of fact adequately support the conclusion of law that, pursuant to N.C. Gen. Stat. § 97-25.3(b), Defendants could not impose a preauthorization requirement on Plaintiff because, even though Defendants admitted Plaintiff suffered a compensable injury on 6 October 1999, Defendants denied liability for Plaintiff's treatment on grounds that there was no causal connection between that compensable injury and the medical treatment at issue. Thus, Defendants' argument that the Full Commission failed to make adequate findings of fact lacks merit.

Additionally, Defendants contend that N.C. Gen. Stat. § 97-25.3 is intended to waive preauthorization requirements only when a defendant is aware of a plaintiff's injury, change of condition, or medical treatment, but does not admit liability. However, where "the language

of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms." *Hyler v. GTE Prods. Co.*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993). "The duty of a court is to construe a statute as it is written. It is not the duty of a court to determine whether the legislation is wise or unwise, appropriate or inappropriate, or necessary or unnecessary." *Campbell v. First Baptist Church*, 298 N.C. 476, 482, 259 S.E.2d 558, 563 (1979). Here, the language of the statute makes it clear that preauthorization requirements cannot be imposed where an insurer denies liability for the treatment. Had the legislature intended to waive preauthorization requirements only when a defendant was aware of a plaintiff's injury, change of condition, or medical treatment, the legislature could have explicitly drafted the statute to reflect this intent.

Finally, Defendants contend they should be allowed to raise the defenses of lack of liability for Plaintiff's injury and failure to seek preauthorization in the alternative. As explained above, a statute must be implemented "according to the plain meaning of its terms." *Hyler*, 333 N.C. at 262, 425 S.E.2d at 701. As the plain language of the statute prohibits such defenses from being raised in the alternative in these circumstances, Defendants' argument is overruled.

Accordingly, the Full Commission did not err in awarding additional medical compensation to Plaintiff as Defendants were not excused from liability for such treatment pursuant to N.C. Gen. Stat. § 97-25.3. Thus, the Opinion and Award of the Full Commission is

AFFIRMED.

Judges McCULLOUGH and CALABRIA concur.