HARRY B. GRAHAM, EMPLOYEE, PLAINTIFF v. MASONRY REINFORCING CORP. OF AMERICA, EMPLOYER, AND ATLANTIC MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA07-372

(Filed 19 February 2008)

1. Workers' Compensation— disability—economic down-turn—misconduct

The Industrial Commission did not err in a workers' compensation case by finding that plaintiff employee was disabled after 17 December 2001 and in awarding temporary total indemnity benefits until 31 October 2004 even though defendants contend plaintiff failed to prove work-related disability for any time after 17 December 2001, and that plaintiff's termination was allegedly due to an economic downturn or personal misconduct, because: (1) the Commission could conclude plaintiff had proven his disability based on plaintiff's testimony and documentation of the numerous jobs plaintiff had inquired into after his hip replacement surgery until his Social Security Disability began, thus showing he was incapable of earning the same wages he had earned in the same or other employment; (2) the evidence including plaintiff's testimony also showed plaintiff's incapacity to earn was causally related to his physical restrictions from the hip injury; (3) even assuming arguendo that plaintiff was terminated for an economic downturn, this fact would not preclude a finding that plaintiff was disabled and thus eligible to receive indemnity benefits during the term of his disability; and (4) the Commission's finding that plaintiff's termination was not due to poor job performance was supported by the evidence that showed plaintiff had received positive feedback from his supervisor regarding his work performance and that his company was aware of his workers' compensation claims at the time of his termination.

2. Workers' Compensation— sufficiency of findings of fact—causation—back injury

The Industrial Commission erred in a workers' compensation case by finding that plaintiff employee's back condition was compensable and by ordering defendants to pay for back treatment, and the case is remanded for further findings as to the actual condition which created plaintiff's back pain and whether that con-

GRAHAM v. MASONRY REINFORCING CORP. OF AM.

[188 N.C. App. 755 (2008)]

dition is causally linked to plaintiff's workplace injury, because: (1) the Commission not only failed to make findings of fact as to the causation of plaintiff's back pain, but also failed to make a finding as to the medical condition of plaintiff's back; and (2) in order for a reviewing court to determine whether plaintiff's back treatment is compensable, it must be known whether there is evidence that the medical condition causing plaintiff's back pain was caused by his workplace injury.

Appeal by defendants from the Opinion and Award entered 31 October 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 October 2007.

*Bollinger & Piemonte, PC by Bobby L. Bollinger, Jr. for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P. by Shannon P. Metcalf and M. Duane Jones for defendant-appellants.*

Stroud, Judge.

Defendant appeals opinion and award by the Full Commission. Defendant contends the Full Commission erred by concluding plaintiff was disabled after 17 December 2001 and finding plaintiff's termination was not due to an economic downturn and plaintiff's misconduct, and by concluding plaintiff's back condition was compensable. For the following reasons, we affirm in part and remand in part.

I. Background

In May of 2000, plaintiff began working for defendant Masonry Reinforcing Corp. of America ("Masonry") as a cost accountant. Plaintiff's job "required him to prepare cost accounting reports for upper management[,] . . . go out into the manufacturing facilities and observe production, take inventories, [and] obtain data from machines[.]" On 6 February 2001, plaintiff tripped over a forklift barrier. Plaintiff lost his balance and fell against a golf cart striking his lower back and left hip. Plaintiff had immediate intense pain in his left hip, buttock, leg, and lower back, but he "walked it off and returned to work." Plaintiff reported this incident to his supervisor who indicated that he would fill out an accident report. Plaintiff went to the Veterans' Administration Hospital and was diagnosed with avascular necrosis in the left hip. Plaintiff did not fill out a written

accident report for his injury until 6 July 2001 because of his supervisor's earlier indication that he would be filing a report.

On 31 August 2001, plaintiff stepped into a pool of spilled fluid and slipped, "causing his right leg to go out from under him." "[T]he incident exacerbated his pre-existing hip, leg and back condition" stemming from his February injury. On 26 September 2001, Masonry's chief financial officer, Mark McClure ("McClure"), decided to terminate plaintiff. McClure claimed the termination was because of economics and poor job performance. Masonry paid plaintiff through 15 October 2001, and on 16 October 2006 plaintiff had "hip replacement surgery due to his avascular necrosis[.]" After surgery, "[p]laintiff was restricted to lifting no more than 10 pounds, no bending, no stooping," and to changing positions every 30 minutes. On 17 December 2001, approximately eight weeks after surgery, plaintiff began to look for a new job and continued to until October of 2004 when he began receiving Social Security Disability benefits.

Plaintiff filed Form 18, "Notice of Accident to Employer and Claim ·of Employee, Representative, or Dependant", with the Industrial Commission for each of his two accidents. Masonry filed Form 19, "Employer's Report of Employee's Injury or Occupational Disease to the Industrial Commission", denying the claim because "the employee was not injured within the course and scope of his employment." Plaintiff filed Form 33, requesting that his claim be assigned for a hearing. Plaintiff requested payment for compensation for days missed, medical expenses/treatment, permanent partial disability, scars, post operative care, and rehabilitation expenses. Masonry responded to plaintiff's request for a hearing with Form 33R and denied compensability for the claim because it was not an injury by accident and it did not arise out of and in the course of employment.

On or about 10 February 2006, Deputy Commissioner Phillip A. Holmes ordered defendants to pay plaintiff, *inter alia*, $588.00 per week from 16 October 2001 through 17 December 2001 in a lump sum and "for all medical treatment received by [p]laintiff for his left hip as a result of his compensable injuries" in February and August of 2001 "for so long as said treatment effects a cure, gives relief or lessens [p]laintiff's period of disability." Plaintiff appealed to the Full Commission.

On 31 October 2006, the Full Commission by Commissioner Bernadine S. Ballance awarded plaintiff, *inter alia*, $588.00 per week

from 16 October 2001 through 31 October 2004 in a lump sum and "for all medical expenses incurred or to be incurred in the future by [p]laintiff for his left hip and back for so long as such treatment is reasonably required to effect a cure, provide relief and lessen his disability[.]" Defendants appeal.

Defendants present two issues before this Court: (1) Whether the Industrial Commission erred in finding plaintiff disabled after 17 December 2001 and in awarding him temporary total indemnity benefits until 31 October 2004, and (2) whether the Industrial Commission erred in finding plaintiff's back condition compensable and ordering defendants to pay for back treatment.

## II. Standard of Review

Our review of the Commission's opinion and award is limited to determining whether competent evidence of record supports the findings of fact and whether the findings of fact, in turn, support the conclusions of law. If there is any competent evidence supporting the Commission's findings of fact, those findings will not be disturbed on appeal despite evidence to the contrary. However, the Commission's conclusions of law are reviewed *de novo*.

*Rose v. City of Rocky Mount*, 180 N.C. App. 392, 395, 637 S.E.2d 251, 254 (2006) (internal citations and internal quotations omitted), *disc. rev. denied*, 361 N.C. 356, 644 S.E.2d 232 (2007).

## III. Proof of Disability and Reason for Termination

[1] Defendants first argue that the Industrial Commission erred in finding that plaintiff was disabled after 17 December 2001 and in awarding temporary total indemnity benefits until 31 October 2004. Specifically, defendants contend (1) plaintiff did not prove his work-related disability for any time after 17 December 2001, and (2) plaintiff's termination was due to an economic downturn and plaintiff's personal misconduct; thus plaintiff is not entitled to further indemnity benefits beyond 17 December 2001.

### A. Proof of Disability

"The term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2001). Our Supreme Court has stated that

in order to support a conclusion of disability, the Commission must find: (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury. In workers' compensation cases, a claimant ordinarily has the burden of proving both the existence of his disability and its degree.

*Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982) (internal citations omitted). This Court has stated a claimant may prove the first two prongs of *Hilliard* through

(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment, . . . (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment, . . . (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment, . . . or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (internal citations omitted).

The Industrial Commission found as fact that plaintiff

looked for suitable employment on his own by submitting more than one hundred applications for jobs he felt he was qualified and able to perform. He sought jobs through the Employment Security Commission, newspapers and other leads. The job search resulted in three interviews and no offers of employment.

The Industrial Commission concluded that

[a]s of December 17, 2001, [p]laintiff was ready to begin an effort to return to work and he commenced a reasonable job search effort until he began receiving Social Security Disability benefits 'the last of October 2004,' and stopped looking for employment. Without vocational assistance from [d]efendants, [p]laintiff looked for suitable employment on his own by

submitting more than one hundred applications for jobs he felt he was qualified and able to perform. He sought jobs through the Employment Security Commission, newspapers and other leads. The job search resulted in three interviews and no offers of employment. Although highly educated, [p]laintiff's advanced age; physical restrictions due to his injury; and health condition, including severe chronic pain syndrome, hypertension, disc disease, arthritis, depressive disorder and a number of other conditions diminished his employment opportunities. Therefore, [p]laintiff has proven disability under the second prong of *Russell*.

Based upon competent evidence, including plaintiff's testimony and documentation of the numerous jobs plaintiff had inquired into after his hip replacement surgery until his Social Security Disability began, the Industrial Commission found that plaintiff had proven his disability by showing that "he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment[.]" *Russell* at 765, 425 S.E.2d at 457; *see Hilliard at* 595, 290 S.E.2d at 683. From these facts the Industrial Commission could properly conclude that plaintiff had proven his disability as the evidence presented by plaintiff about his job search showed that he was incapable of earning the same wages he had earned in the same or other employment. *See Hilliard* at 595, 290 S.E.2d at 683. The evidence, including plaintiff's testimony, also showed that plaintiff's incapacity to earn was causally related to his physical restrictions from the hip injury. *Cf. Fletcher v. Dana Corp.*, 119 N.C. App. 491, 497, 459 S.E.2d 31, 35, *disc. rev. denied,* 342 N.C. 191, 463 S.E.2d 235 (1995) (noting that without a work-related injury, an employee would not have been "unemployed and suffered wage loss").

B. Economic Downturn

Defendants rely on *Segovia v. J.L. Powell & Co.*, where a plaintiff-employee had compensable injuries and was subsequently laid off. 167 N.C. App. 354, 354-55, 608 S.E.2d 557, 557-58 (2004). The Industrial Commission found as fact that

[h]ad it not been for the reduction in business associated with the company-wide layoffs due to the economic downturn, [plaintiff] would have returned to work for defendant-employer . . . . The greater weight of the evidence establishes that the plaintiff's inability to earn wages since March 2001 was due to the layoff

and plaintiff's lack of interest in returning to work, and *not due to any disability associated with plaintiff's injury.*

*Id.* at 356, 608 S.E.2d at 558-59 (emphasis added). This Court further stated:

These findings support the full Commission's conclusion that plaintiff's earning capacity is not currently affected by the injuries he suffered to his back and ear. Therefore, we conclude that the full Commission did not err in *concluding that plaintiff is not currently disabled* as a result of his injuries and thus, in denying plaintiff further compensation.

*Id.* at 357, 608 S.E.2d at 559 (emphasis added).

This Court [citing *Segovia*] has [also] held that the Full Commission did not err in denying an employee benefits under the Workers' Compensation Act *where the employee was physically able to perform his former job* and the employee's inability to earn wages was due to a layoff resulting from a downturn in the economy and the employee's lack of interest in returning to work.

*Eudy v. Michelin North America, Inc.,* 182 N.C. App. 646, 654, 645 S.E.2d 83, 89, *disc. rev. denied,* 361 N.C. 426, 648 S.E.2d 211 (2007) (emphasis added) (citing *Segovia,* 167 N.C. App. 354, 356-67, 608 S.E.2d 557, 558-59).

However, the facts of *Segovia* are quite different from this case as in *Segovia* the Industrial Commission found that plaintiff was "physically capable of performing his regular job with defendant-employer . . . except for two very short periods[.]" *See Segovia* at 356, 608 S.E.2d at 558. In the case at bar we have already concluded that the Industrial Commission could properly and did find that plaintiff was disabled for some time after his termination. As this Court stated in *Britt v. Gator Wood, Inc.,*

Defendants have focused on the wrong issue. While the immediate cause of the loss of plaintiff's wages . . . may have been the lay-off, that fact does not preclude a finding of disability. As *Peoples v. Cone Mills Corp.,* 316 N.C. 426, 437, 342 S.E.2d 798, 805 (1986) explained, an injured employee's earning capacity is determined by the employee's own ability to compete in the labor market. Thus, the fact that plaintiff was laid off does not preclude a finding of total disability if, because of plaintiff's injury, he was incapable of obtaining a job in the competitive labor market.

*Britt v. Gator Wood, Inc.*, 185 N.C. App. 677, 683, 648 S.E.2d 917, 921 (2007) (internal quotations and ellipses omitted). Thus, even assuming *arguendo* that plaintiff was terminated for an economic downturn, this would not preclude a finding that plaintiff was disabled and thus eligible to receive indemnity benefits during the term of his disability.[1] *See id.* at 685, 648 S.E.2d at 921.

C. Misconduct

> [W]e hold that where an employee, who has sustained a compensable injury and has been provided light duty or rehabilitative employment, is terminated from such employment for misconduct or other fault on the part of the employee, such termination does not automatically constitute a constructive refusal to accept employment so as to bar the employee from receiving benefits for temporary partial or total disability. Rather, the test is whether the employee's loss of, or diminution in, wages is attributable to the wrongful act resulting in loss of employment, in which case benefits will be barred, or whether such loss or diminution in earning capacity is due to the employee's work-related disability, in which case the employee will be entitled to benefits for such disability. Therefore, in such cases the employer must first show that the employee was terminated for misconduct or fault, unrelated to the compensable injury, for which a nondisabled employee would ordinarily have been terminated.

*Seagraves v. Austin Co. of Greensboro*, 123 N.C. App. 228, 233-34, 472 S.E.2d 397, 401 (1996).

Here the Industrial Commission found as fact that "[t]he greater weight of the evidence establishes that [p]laintiff's job performance was satisfactory and the Full Commission gives little weight to testimony indicating that [p]laintiff was terminated for poor job performance." The evidence showed that plaintiff had received positive feedback from his supervisor regarding his work performance and that Masonry was aware of his worker's compensation claims at the time of his termination; this supports the Industrial Commission's finding of fact that plaintiff's "job performance was satisfactory" which in

---

1. Defendants also argue it was error for the Industrial Commission not to make a specific finding of fact and conclusion of law as to the economic downturn as the Industrial Commission "is required to make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends." *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977). However, as we have previously stated, the economic downturn is not a "crucial fact" in light of a proper finding that plaintiff was disabled. *See Gaines* at 579, 235 S.E.2d at 859.

turn supports the conclusion of law that "[p]laintiff's termination was not due to misconduct." *See Rose at* 395, 637 S.E.2d at 254.

We therefore find that the Industrial Commission did not err in finding that plaintiff was entitled to indemnity benefits after 17 December 2001.

### IV. Plaintiff's Back Condition

**[2]** Lastly, defendants contend the Industrial Commission erred in determining that plaintiff's back condition was compensable and ordering defendants to pay for back treatment because plaintiff did not prove "his back condition is causally related to the hip injury or that it definitively arose from the two incidents in question[.]" Defendants argue that the Full Commission's finding of fact regarding plaintiff's back was not enough to support its conclusions of law regarding defendants paying for the treatment of plaintiff's back.

The Full Commission found as fact that

[i]n addition to his avascular necrosis, the Full Commission finds that [p]laintiff also suffered back pain as a result of his fall on February 6, 2001. The physicians treating [p]laintiff have not recommended any invasive treatment for the back injury and the narcotic pain medication that he takes from the hip pain appears to address the back pain as well.

The Full Commission concluded as law that

[p]laintiff has proven by the greater weight of the evidence that as a result of his accidents on February 6, 2001 and on August 31, 2001, he developed disabling avascular necrosis of the left hip and back pain. N.C. Gen. Stat. § 97-2.

[and that] [p]laintiff is entitled to have [d]efendants pay for medical treatment for his injury to his left hip and back, for so long as such treatment is reasonably required to effect a cure, provide relief and lessen his disability. N.C. Gen. Stat. §§ 97-2(19), 97-25.

However,

[w]hile the commission is not required to make findings as to each fact presented by the evidence, it is required to make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends. *Smith v. Construction Co.*, 27 N.C. App. 286, 218 S.E.2d 717 (1975). If the findings of fact of the commission are insufficient to enable the court to determine the rights of the parties upon the matters in

controversy, the proceeding must be remanded to the commission for proper findings of fact. *Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E.2d 797 (1948). As stated in *Thomason v. Cab Co.*, 235 N.C. 602, 605-[0]6, 70 S.E.2d 706, 709 (1952):

> 'The findings of fact of the Industrial Commission should tell the full story of the event giving rise to the claim for compensation. They must be sufficiently positive and specific to enable the court on appeal to determine whether they are supported by the evidence and whether the law has been properly applied to them. It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the matters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which those rights depend.'

*Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977) (ellipses omitted).

In the present case, the Full Commission has not only failed to make findings of fact as to the causation of plaintiff's back pain, but it has also failed to make a finding as to the medical condition of plaintiff's back. In order for a reviewing court to determine whether plaintiff's back treatment is compensable we must know whether there is evidence that the medical condition causing plaintiff's back pain was caused by his workplace injury; this cannot be done without a finding that plaintiff actually has a back condition or any other medical condition that would create pain in his back. Therefore, we remand this case for further findings as to the actual condition which created plaintiff's back pain and whether that condition is causally linked to plaintiff's workplace injury. *See id.*

### V. Conclusion

As to the determination that plaintiff did prove his disability and his termination was not due to an economic downturn or misconduct, we affirm. As to the determination that plaintiff's back pain was compensable we remand with instructions for the Full Commission to make further findings of fact and conclusions of law.

AFFIRMED IN PART AND REMANDED IN PART.

Judges TYSON and JACKSON concur.